JACOB ROSENTHAL *vs.* STATE BAR EXAMINING COMMITTEE.

MALTBIE, C. J., HAINES, HINMAN, AVERY and JENNINGS, Js.

Argued January 5th—decided March 21st, 1933.

*Jacob Rosenthal, pro se,* the appellant (plaintiff).

*William H. Comley,* State's Attorney, for the appellee (defendant).

AVERY, J.   In his petition, the applicant sets forth that he has complied with all the requirements for permission to take the examination for admission to the bar; that he had attended the session of the examining committee at New Haven June 23d, 1932, for the examination of applicants; and that, thereafter, he was notified by the secretary of the examining committee that he had satisfactorily passed, but the committee refused to certify his name to the clerk of the court for admission on the ground that the school in which he had studied law was not approved by the committee in accordance with the rules of the court. He further alleges that the bar examining committee had adopted the following rule: "In the case of students beginning the study of law after January 11th, 1929, the schools approved under the rules are the same as those approved by the Council of the American Bar Association on Legal Education and Admission to the Bar;" that the Brooklyn Law School, which the petitioner attended after January 11th, 1929, was not on the list of schools approved by the American Bar Association since the year 1929; and he asked to be heard by the court as to his qualifications, and, after such hearing, to be admitted as a member of the bar.

The bar examining committee filed an answer admitting the allegations of the petition and setting forth that on January 25th, 1932, the petitioner was

informed that the evening course in the study of law conducted by the Brooklyn Law School was not approved by the committee of the State Bar under the rules of the Superior Court; that if the applicant's studies were limited to such evening classes, he could not be permitted to take the bar examination; that, thereafter, with full knowledge of the rules and disapproval of the state bar examining committee, the petitioner filed with the clerk of the court for Fairfield County his application, in which he stated that he had entered the Brooklyn Law School in September, 1929; that he had spent three years there and would be graduated on June 9th, 1932. The answer further sets forth that if the petitioner's application had disclosed that his studies had been limited to the evening classes of the law school, he would not have been permitted to take the examinations; that while he was actually taking them, the committee received from the law school information that the studies of the petitioner were limited to the evening classes; and for that reason the committee refused to certify him for admission to practice.

The petitioner demurred to the answer of the bar examining committee on the ground that it furnished no legal excuse either in fact or in law for the failure of the committee to certify his admission. The demurrer was overruled by the court, and the petitioner, refusing to plead further, judgment was thereafter entered dismissing the petition.

On this appeal, the petitioner contends that § 7 of the rules, providing that all successful candidates at any examination shall present themselves in the Superior Court and the court may admit them as attorneys, as well as the provision that the bar examining committee shall certify to the clerk of that court the names of all applicants who have been admitted to and

have passed the examination, entitles him to admission upon the basis of his having passed the examination, without regard to his having properly qualified under the rule concerning attendance at an approved law school. The provisions of § 7 presuppose that all persons successfully passing the examination have been admitted to it in accordance with the previous provisions in the rules limiting those who may take it. Section 7 cannot be construed as applying to candidates other than those who have been properly admitted to and have passed the examination.

The petitioner further contends that the rule of the bar examining committee is invalid; and that even if valid, by permitting him to take the examination and notifying him that he had satisfactorily passed it, the committee had waived compliance with the rule. General Statutes, § 5343, provides that the Superior Court may admit and cause to be sworn as attorneys such persons as are qualified therefor, agreeable to the rules established by the judges, who may establish rules relative to the admission, qualifications, practice and removal of attorneys. This section has existed substantially in its present form since at least 1866. Revision of 1866, p. 223, § 43. At least as early as 1890, the judges of the Superior Court adopted rules pursuant to this statute, providing for the requirements necessary for admission. Among the rules so adopted was one providing for the appointment of an examining committee by the judges of the Superior Court, consisting of fifteen members, of whom one or more should be judges of that court, and the rest attorneys residing in the State. An examining committee was appointed and has continued to function to the present time. The rules adopted specified subjects in which the candidates were required to pass a satisfactory examination; and provided for the ex-

amination of the candidates in such additional subjects as the committee should prescribe. Additions to these rules have been made from time to time since 1890, but it is unnecessary to set them forth at length. At the time when the petitioner commenced his legal studies, paragraph 4 of § 4 of the rules provided that a candidate must have pursued the study of law for a period of three years in a law school approved by the committee. Practice Book, 1922, p. 237. The basis of the petitioner's claim upon this phase of the case is that the court could not delegate to the bar examining committee the power to determine the law school in which the petitioner should be required to study in order to be entitled to take the examination for admission.

The practice of law is not a craft or a trade; it is a profession the main purpose of which is to aid in the doing of justice according to law between the State and the individual and between man and man. The occasions upon which an attorney may be required to act touch, in many instances, the deepest and most precious concerns of men, women and children. They may involve the liberty, the property, the happiness, the character and the life of his client. Obviously, one not possessing an adequate degree of intelligence and education cannot perform this kind of service, nor should he be permitted to attempt to do so. *Bergeron, Petitioner,* 220 Mass. 472, 107 N. E. 1007, 1008. In Connecticut, from the earliest times, to prevent the admission of unqualified persons into the practice of the profession, the courts have employed the members of the bar for the purpose of ascertaining the character and qualifications of those applying for membership. This is a reasonable usage. *O'Brien's Petition,* 79 Conn. 46, 53, 63 Atl. 777. Since the institution under the rules of the state bar examining committee, it has per-

formed the function of determining and testing the educational qualifications of those applying for admission, a matter formerly wholly in the hands of the local bar. The claim of the petitioner, that to commit to an examining committee the power to determine the educational qualifications of candidates for admission is an unlawful delegation of judicial power, is without force when we consider that from the earliest times in this State, it has been the uninterrupted practice for the court to rely on the bar for investigation as to such matters.

The admission of attorneys at law to practice before the courts is undoubtedly the function of the judicial department of the government; *Opinion of the Justices,* 279 Mass. 607, 180 N. E. 725; *Brydonjack* v. *State Bar,* 208 Cal. 439, 281 Pac. 1018; and over their admission the court should maintain oversight and control. It does not follow that the proceedings by which admission is to be obtained are in all respects judicial acts, in the sense that power to determine the qualifications of candidates for the office of attorney may not be reposed in persons not performing a judicial function. The ultimate purpose of all regulations of the admission of attorneys is to assure the courts the assistance of advocates of ability, learning and sound character and to protect the public from incompetent and dishonest practitioners. *In re Peck,* 88 Conn. 447, 450, 91 Atl. 274; *Fairfield County Bar* v. *Taylor,* 60 Conn. 11, 17, 22 Atl. 441. Proceedings for the admission of attorneys are not actions or suits at law; they are in the nature of investigations by the courts or their representatives to determine whether particular candidates are qualified to become its officers. *Fairfield County Bar* v. *Taylor, supra,* p. 15; *In re Durant,* 80 Conn. 140, 148, 67 Atl. 497. Such an investigation, like that authorized by the statutes to

determine the fitness of physicians and surgeons and other persons, to carry on professions or callings in which the public has such an interest as to bring them within the regulatory scope of the police power, is really administrative in its nature. *Brein* v. *Connecticut Eclectic Examining Board,* 103 Conn. 65, 85, 130 Atl. 289. Courts or their judges must of necessity perform many acts of an administrative nature, acts which so far pertain to the judicial department of the government that they could not properly be performed by the representatives of its other branches, as, for example, the appointment and removal of clerks of courts and other such officers; but in the method of the performance of such administrative functions, courts are under no more stringent limitations than are the executive or legislative departments in similar situations. It is required by the statutes that any person desiring to take an examination to be admitted to practice any branch of the healing arts must satisfy the state board of healing arts that he is a graduate of a "standard approved high school" or possesses equivalent educational qualifications; and that any person desiring to practice medicine or surgery shall satisfy the proper medical examining board that he is a graduate of a college, high school or preparatory school, the standard of which shall have been approved by the board or that his education is equivalent thereto and that he has received a diploma from some legally incorporated and reputable medical college. General Statutes, §§ 2736, 2747, Cum. Sup. 1931, § 436a. That the functions reposed in these boards are valid and do not involve an improper delegation of power has never been and could not well be questioned. See *Mower* v. *State Department of Health,* 108 Conn. 74, 79, 142 Atl. 473; *Douglass* v. *Noble,* 261 U. S. 165, 168, 43 Sup. Ct. 303; *In re*

*Thompson,* 36 Wash. 377, 379, 78 Pac. 899. While the determination of the qualifications of attorneys to be admitted to practice in our courts pertains to the judicial department, the decisions which must be made in carrying out the procedure established by the rules of the judges to accomplish that end are not judicial in their nature and may properly be vested in the bar examining committee, including the power to determine what law schools shall be approved as furnishing a sufficient educational basis for admitting a candidate to the examination.

Nor can it be maintained that the bar examining committee exceeded its powers or acted unreasonably in approving the same schools as the Council of the American Bar Association on Legal Education and Admission to the Bar. It is a matter of common knowledge that the American Bar Association is a representative body composed of members of the bar from every part of the Union; an organization national in scope, whose purpose is to uphold and maintain the highest traditions of the legal profession. There is nothing in this record to indicate either arbitrary or unreasonable action on the part of the examining committee in approving the same schools as the Council of the American Bar Association on Legal Education and Admission to the Bar. Furthermore, the petitioner concedes that at the time he commenced his studies, he was aware of the requirements of the examining committee, and knew, that the evening course in the law school which he proposed to attend was not approved, so that no hardship has been imposed upon the petitioner by the operation of the rule, except such as he voluntarily elected to encounter.

By the demurrer, the allegations of fact in the respondent's answer are admitted and taken to be true. From them, it appears that the petitioner would not

have been permitted to take the examination by the examining committee except under a misapprehension; that it did not know that his studies had been limited to the evening classes of the law school, which were not approved by the examining committee; and if it had so understood, he would not have been permitted to take the examination. The petitioner's claim, therefore, that the committee, by allowing him to take the examination, had waived the requirement of previous study in an approved law school, is without foundation. A waiver cannot arise under such circumstances. The basic conception of a waiver is that it is intentional; it cannot be established by a consent given under a mistake of fact. *Crawford* v. *Bridgeport,* 92 Conn. 432, 439, 103 Atl. 125; *Grippo* v. *Davis,* 92 Conn. 693, 696, 104 Atl. 165.

There is no error.

In this opinion the other judges concurred.