WILLIAM H. BLODGETT, STATE'S ATTORNEY, EX REL. SAMUEL I. BAZIL *v.* WILLIAM B. BOARDMAN.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued January 8—decided February 7. 1941.

476

 

*Frederick H. Waterhouse,* for the appellant (plaintiff).

*Lorin W. Willis,* for the appellee (defendant).

JENNINGS, J. Samuel I. Bazil successfully pursued the study of law in the day law school of Fordham University from 1928 to 1931, a period of three years. He was subsequently admitted to the bar of the state of New York and was engaged in general practice in that state from June, 1932, to 1939. In March, 1939, he moved to Torrington, Connecticut, and has been a resident of that city since that date.

On January 10, 1925, the state bar examining committee placed the day law school of Fordham University upon the approved list of law schools. On January 12, 1929, it was dropped from this approved list. On the latter date it was voted "that any applicant who has begun the study of law prior to January 11, 1929, at a law school approved by this committee on January 11, 1929, be given such credit as is given by this committee to such law school on January 11, 1929." On January 20, 1940, the foregoing vote was rescinded. On May 23, 1940, Bazil, as an attorney from another state, made application for admission without examination to the bar of the state of Connecticut and supplied all of the necessary certificates and affidavits with the exception of the certificate of

the secretary of the state bar examining committee under Section 8, referred to below, relative to his educational qualifications. The secretary refused to issue this certificate, his refusal was approved by the committee and this action was brought to require him to issue it.

The part of Section 8, Practice Book, p. 22, which relates to Bazil's claims provides that the applicant must supply a certificate "that his educational qualifications are such as would entitle him to take the examination in this state at the time of his application for admission to the bar of this state."

Since Fordham University law school was not an approved school during the entire three years of Bazil's attendance, his educational qualifications are not such as would entitle him to take the examinations in this state at the time of application for admission to the bar of this state. This is not denied by Bazil but he claims that, under the vote of January 12, 1929, he was qualified to take the examinations for admission to the bar and that the action of the bar examining committee in rescinding that vote was ineffective to destroy that qualification. The power of the bar examining committee over the qualifications of candidates for admission has been recently discussed and defined in *Rosenthal* v. *State Bar Examining Committee*, 116 Conn. 409, 417, 165 Atl. 211. Under this decision there is no question of its authority to pass and rescind this vote. Nor does it appear that any injustice was done the plaintiff. The obvious purpose of the proviso when it was passed was to permit students who in good faith had commenced the study of law at this institution to complete their course and take the examinations. Any student in that situation had eleven years in which to qualify for the Connecticut bar. That is a reasonable time. The proviso was

not passed for the benefit of attorneys from other states seeking admission without examination and the withdrawal of this incidental privilege after so long a period furnishes them neither legal nor ethical ground of objection.

There is no error.

In this opinion the other judges concurred.