### In re Application of Thomas J. Dodd, Jr., for Admission to the Bar.

Jennings, Ells and Dickenson, Js.[1]

Argued February 6—decided March 21, 1945.

*M. J. Blumenfeld* and *Frank L. McGuire*, for the applicant.

*Arthur M. Brown* and *W. Arthur Countryman, Jr.*, for William H. Shields.

Per Curiam. On August 23, 1944, Thomas J. Dodd, Jr., filed an application addressed to the Superior

---

[1] By agreement of counsel the motion was argued before and decided by three judges.

Court in New London County for admission to the bar upon motion and without examination. The motion was granted on January 17, 1945, judgment was entered and William H. Shields, an attorney at law resident in New London County, appealed. The applicant filed a motion to erase the appeal. The issue on this motion is, can this court entertain this appeal upon the face of the record. *Klein* v. *Capitol National Bank & Trust Co.*, 124 Conn. 685, 2 Atl. (2d) 489; Conn. App. Proc., § 147. The word "record" is used with various meanings, but in a matter of this kind it includes all the papers filed in court, including those filed in connection with the appellate proceedings. Conn. App. Proc., § 159.

This record may be summarized as follows: The application was referred to the standing committee on recommendations for admission to the bar for New London County. Practice Book, §§ 8, 9. That committee recommended that the applicant should be admitted to the bar without examination. The clerk of the Superior Court gave due notice of this report to every member of the bar of the county. The bar met and approved the report, and the committee filed with the clerk a copy of it with the action of the meeting indorsed thereon. The rule provides that the application for admission may then be claimed for the short calendar, of which claim the clerk shall give notice to every member of the bar of the county. This was done. Thereafter, Mr. Shields entered his appearance "in opposition to the granting of said application" and claimed the case for the short calendar list for "Hearing on motion that application be denied and dismissed." On the same date he filed a written motion to dismiss the application, assigning four grounds therefor. A few days later counsel for the applicant claimed the matter for the short calendar for: "1. Ar-

gument Mr. Shields' motion to dismiss. 2. That appli-
cant be admitted to the Bar without examination."

Section 8, supra, provides that such an applicant
"may be admitted by the court"; it is the court and
not the bar or a committee thereof which admits him.
A hearing was held by the court in pursuance of the
claims heretofore referred to. The record before us
contains a lengthy memorandum of decision and a
judgment, which recites that "the parties appeared
and were at issue to the Court, as on file," and that
"The Court, having heard the parties, finds that the
report of the Committee and action of the Bar thereon
should stand and the application granted, which is
hereby ordered, and the motion to dismiss is denied."
Judgment was entered and the applicant was admitted
on January 17, 1945. On January 26, 1945, Mr. Shields
appealed to this court, stating that "he is aggrieved by
the decision of the Court on 'questions of law arising
during the trial and by the decision of the Court upon
his motion to deny and dismiss the said application
and by the granting of said application." The appeal
was allowed on the same date. With it there was filed
an assignment of errors which stated that the court
erred in holding that the standing committee had re-
ported to the bar that the applicant had complied with
the rules, in holding that upon all the papers in the
case the applicant had complied with the rule requir-
ing ten years of actual practice in the highest court of
original jurisdiction in South Dakota, in holding that
he had actually so practiced, and in holding upon the
record before the court that the application itself com-
plied with the rule, when it did not appear in the ap-
plication and all papers filed with it that the applicant
had ever practiced in the highest court of original
jurisdiction in South Dakota. On January 28, the

applicant filed a "motion to erase the appeal, so-called, from the docket."

The motion states two grounds. The first is: "(a) Said William H. Shields is not a party to the action of the Superior Court in admitting said Thomas J. Dodd, Jr. to the Bar of New London County; (b) has no interest therein, and (c) is not aggrieved by the said action of the Court."

The first objection, that Mr. Shields is not a party, is without merit. There are no parties, in the technical legal sense, in proceedings of this character; *Grievance Committee* v. *Broder*, 112 Conn. 263, 265, 152 Atl. 292; yet our reports contain many cases where appeals by applicants and grievance committees have been considered by this court.

Mr. Shields is an attorney at law, resident in New London County. The rule requires not only that every-member of the bar of the county shall be given notice of a meeting of the bar at which the report of the standing committee on recommendations will be presented but also that each member shall be given notice that the application for admission has been claimed for a hearing before the court at short calendar. The obvious purpose of the latter notice is to give such attorneys an opportunity to appear for or against the granting by the court of the application for admission to the bar. It clearly recognizes them to be interested parties, else no such notice would be required, and the matter would have been left on the report of the standing committee. The rule is reasonable, for every member of the bar has an interest in the admission of an attorney upon motion without examination.

Attorneys have a franchise which is regarded as a property right. *O'Brien's Petition*, 79 Conn. 46, 55, 63 Atl. 777. "The inalienable right of every American citizen to follow any of the common industrial occupa-

tions of life does not extend to the pursuit of professions or vocations of such a nature as to require peculiar skill or supervision for the public welfare." Ibid.; *Butchers' Union Co.* v. *Crescent City Co.*, 111 U. S. 746, 763, 4 Sup. Ct. 652. ". . . one who asks the privilege of admission to the bar is simply seeking to obtain a right of property which he has not got." *O'Brien's Petition,* supra, 55. It would seem that Mr. Shields's property right gave him an interest which he had a right to protect from anyone seeking admission to the bar who he believes lacks some essential prescribed qualification therefor. See 5 Am. Jur. 272, § 18. We prefer, however, to rest our decision on the sound ground that the rule requiring notice to all attorneys of the county is sufficient to entitle any one or more of them to contest the matter. The purpose of the second notice was to give Mr. Shields, as such an attorney, an opportunity to appear in court and be heard. He filed an appearance and was heard in opposition to the admission of Mr. Dodd without examination. No objection was made to the filing of his notice of appearance nor to his actual appearance in court. It is obvious that someone has a right to be heard. The rule expresses the intention that an attorney residing in the county is the proper person, for he is the only one to whom notice is directed to be given. Having had the issues decided against him by a judgment of the court, he continues to be the proper person to bring to this court for review the issues of law which were decided against him in the judgment.

We recognize that general statements have been made to the effect that attorneys, as such, cannot appeal from a judgment admitting an applicant as an attorney. See *Wollitzer* v. *National Title Guaranty Co.*, 266 N. Y. S. 184, 189, 148 Misc. 529; *Rosencranz* v. *Tidrington,* 199 Ind. 140, 155 N. E. 705; 1 Thornton,

Attorneys at Law, § 58; 6 C. J. 579, § 34; 7 C. J. S. 719, note 55. These authorities do not show that the personal notice which is the basis of our decision was required.

What we have already said disposes of the claim that Mr. Shields is not aggrieved.

The second claim is that the action of the court in admitting the applicant to the bar is not a final judgment from which an appeal could be taken. The record contains a judgment which expresses the final action and judgment of the court. It is as final as any judgment could be, under the circumstances. *O'Brien's Petition,* supra, 59.

No Connecticut case has been found which passes on the right of an attorney at law, as such, to appeal from a judgment admitting an applicant to practice. An examination of our leading cases on this subject, however, shows that our courts take every precaution to maintain a high professional standard in the ranks of the profession. *O'Brien's Petition,* supra, 53; *In re Peck,* 88 Conn. 447, 452, 91 Atl. 274; *Grievance Committee* v. *Broder,* supra, 266. "Proceedings for the admission of attorneys are not actions or suits at law; they are in the nature of investigations by the courts or their representatives to determine whether particular candidates are qualified to become its officers." *Rosenthal* v. *State Bar Examining Committee,* 116 Conn. 409, 415, 165 Atl. 211. Once complaint is made, it is the duty of the courts to see that the interests of justice are preserved. *In re Peck,* supra, 458. Under the circumstances we hold that Mr. Shields has the right to have his assignments of error passed on by this court.

The motion to erase the appeal is denied.