IN RE APPLICATION OF ARTHUR S. PLANTAMURA FOR
ADMISSION TO THE BAR

SUPERIOR COURT          FAIRFIELD COUNTY

Memorandum filed December 30, 1960

*Arthur S. Plantamura,* pro se.

BORDON, J. The applicant filed an application with the clerk of the Superior Court in Fairfield County for admission as an attorney on motion and without examination. The facts are undisputed. The applicant has satisfied all requirements for admission. He has all educational qualifications, is of good moral character and has practiced (patent) law in the District of Columbia for more than five years. The Fairfield County standing committee on recommendations for admission to the bar recommended that the applicant's application be denied, and, at a meeting of the bar held on December 2, 1960, the report of the committee was unanimously approved and adopted. The reason for the denial of the application is that the applicant has failed to meet the requirements for admission on motion in that he has not actually practiced law for at least five years in the highest court of original jurisdiction in one or more of the states, or in one or more of the district courts of the United States. Practice Book § 8. It is admitted that he has practiced law in the District

of Columbia for more than five years, and it is likewise admitted that during that period he has not practiced in any court.

The proceeding before the court comes in the nature of an appeal from the action of the admission committee in denying applicant's application for admission on motion. The committee claims that the court is without power to review its action, particularly if it is regular, fair and not the result of prejudice or ill will. The applicant admits that no prejudice or ill will motivated the committee's action.

An examination of the applicable law on the subject leads to the conclusion that the court has the power to review the action of the admission committee and the bar in withholding their recommendation for admission. *O'Brien's Petition,* 79 Conn. 46; *Higgins* v. *Hartford County Bar Assn.,* 111 Conn. 47; *Rosenthal* v. *State Bar Examining Committee,* 116 Conn. 409; *State ex rel. Bazil* v. *Boardman,* 127 Conn. 475; *Blaney* v. *Standing Committee,* 129 Conn. 51. However, if it appears to the court that the committee and the bar withheld their recommendation for admission after an investigation and that they acted fairly and reasonably and not from prejudice or ill will, their decision will not be disturbed. *O'Brien's Petition,* supra.

The applicant admits that the committee acted reasonably, but claims that its interpretation of § 8 of the rules is erroneous and too strictly construed. Section 8 deals with the admission of attorneys of other states without examination. One of the requirements for such admission is that the applicant has actually practiced law for at least five years in the highest court of original jurisdiction in one or more states, or in one or more district courts of the United States. The committee claims that even though the applicant has been a member of the bar

of the District of Columbia for the requisite period and has, in all other respects, met the necessary qualifications, his admitted failure to practice in any court is a fatal disqualification. The applicant is asking the court to liberally construe the appropriate section so that any attorney who has practiced law elsewhere, and has met all other requirements, be admitted even though his practice did not require his presence in court.

There is no doubt that many attorneys confine their practice to the office and rarely, if ever, engage in court work. As was said by our Supreme Court in *State Bar Assn.* v. *Connecticut Bank & Trust Co.,* 145 Conn. 222, 234, practicing law is not limited to appearing in court or advising in the conduct of litigation, but embraces the preparation of pleadings and other papers incident to actions and special proceedings, conveyancing, the preparation of legal instruments of all kinds and the giving of legal advice to clients. This case, however, did not deal with qualifications for admission to the bar. It only concerned itself with a determination of whether certain practices of the defendant constituted the unlawful practice of law. Once an attorney has been admitted after examination, he has the right to confine his practice to any field or branch of the law suitable to him. He need never engage in court work. Under the growing problems and complexities confronting clients today, many outstanding lawyers devote themselves exclusively to office work, and refer court matters to counsel experienced in this field of work. Such practice does not violate any law or rule regulating admission to the bar. Our Supreme Court has given judicial recognition to present-day problems in the following language: "No valid distinction can be drawn between the part of the work of the lawyer which involves appearance in court and the part which involves advice and the drafting of instru-

ments." *State Bar Assn.* v. *Connecticut Bank & Trust Co.,* supra, 235. But the court cannot construe that to mean that an out-of-state attorney who has had no court practice is eligible for admission if § 8 of the rules restricts such admission without examination only to applicants who have actually practiced in court. If the applicant took and passed the prescribed examinations, he could restrict his practice to any field chosen by him. But if he desires admission without examination, he must conform to the requirements for such admission.

*State Bar Assn.* v. *Connecticut Bank & Trust Co.,* supra, relied on by the applicant, does not warrant relaxation of the requirements for admission. The language differentiating between various activities of lawyers is intended to illustrate what activities constituted unauthorized practice of law. It is in harmony with the decision in *Grievance Committee* v. *Payne,* 128 Conn. 325, which held that searching titles for banks and attorneys by a town clerk was an invasion of the field of law and amounted to practice of law.

The court is sympathetic with the applicant's contention and inclines to a liberal interpretation of the rule. The road block to such action, however, seems to be the decision of the Supreme Court in the case of *In re Application of Dodd,* 132 Conn. 237. In that case, the committee had recommended the admission of the applicant. He had been admitted to the bar of South Dakota but had not practiced there, although he was actively engaged in the trial of government cases in various states, not including South Dakota. The court held that he had not qualified for admission to the bar without examination because he had not actually practiced in the highest court of original jurisdiction of the state in which he was admitted.

The court's indulgence does not lead it to the path of least resistance. It has been the settled and unbroken practice of our courts, under legislative sanction and authority, to admit no one as an attorney not recommended by the bar of the county. *O'Brien's Petition,* supra. Under established rules, any qualified person may take examinations for admission. If, however, he chooses to seek admittance without examination, he is not the victim of discrimination if the committee and the bar insist on strict compliance with the rule.

Although the applicant's practice may have exposed him to some contact with the courts of his district, the fact remains that, during his practice, he has had no contact or association with any court. He has never brought or caused to be brought any proceeding into a court, has never filed a pleading nor exposed himself to any judicial process or action. Because of this admitted fact, the committee and the bar, acting reasonably and without ill will, have denied his application. *In re Application of Dodd,* supra.

It may well be that our Supreme Court may, in the future, adopt the liberal interpretation sought by the applicant. Under the circumstances herein involved, and under the cases herein cited, the court is of the opinion that the committee acted properly and its action should be sustained.

The appeal of the applicant is dismissed.