### In re Application of Ronald Marsching for Admission to the Bar

HOUSE, THIM, RYAN, SHAPIRO and LOISELLE, Js.

Argued April 8—decided May 4, 1971

*G. Bradford Palmer,* with whom, on the brief, were *Edward T. Carmody* and *Joseph F. Budney,* for the applicant.

*Irving H. Perlmutter,* with whom was *Abraham S. Ullman,* special assistant state's attorney, for the New Haven County Committee on Recommendations for Admission to the Bar.

HOUSE, J. Ronald Marsching, hereinafter referred to as the applicant, applied for admission to the bar

of this state on motion and without examination pursuant to the provisions of § 13 of the Practice Book as amended. The committee on recommendations for admission to the bar for New Haven county investigated the qualifications of the applicant and filed its report recommending that the application be denied. It found that although the applicant had met all of the other requirements of Practice Book § 13, he did not meet the requirement of the portion of subdivision (2) of that section which makes it a condition of admission on motion that the applicant "has actually practiced law in the highest court of original jurisdiction in one or more states, or in one or more district courts of the United States, for at least five years immediately preceding the date of his application." At the meeting of the bar of the county of New Haven called to act on the report of the committee, the bar rejected its report and voted that the application be approved. The application for admission then came before the court. At the suggestion of the court, counsel stipulated to the basic subordinate facts and the case was reserved for the advice of this court on the question: "Had the applicant actually practiced law in the Supreme Court of the State of New York . . . or in the District Court of the United States for the Southern District of New York for at least five years immediately preceding January of 1967 within the meaning of subdivision (2) of Section 13 of the Rules for the Superior Court."

The following pertinent facts appear in the stipulation. The applicant was admitted to the bar of the Supreme Court of New York, the highest court of original jurisdiction in that state, on January 5, 1954, and engaged in the practice of law on a full-time basis in the city of New York from 1955 until

1967 as an associate of a large and well-known law firm. During the last six years of his practice in New York the applicant advised and assisted clients of the law firm on the merits, strategy and conduct of the defense or suit and on settlement, had responsibility for the direction of litigation, worked on briefs and questions of law and participated in settlement discussions. The litigation department of the law firm, however, took care of the actual courtroom work and the applicant did not physically appear in the courtroom or personally try or argue a case or motion therein.

The claim that the applicant is entitled to admission necessarily requires a construction of "actually practiced" as "been authorized to practice." As this court noted in *In re Application of Dodd,* 132 Conn. 237, 242, 245, 43 A.2d 224, "[p]ractice of law is not confined to practice in court," and the requirement that the applicant shall have actually practiced in the highest court of original jurisdiction "is a specific, concrete condition precedent to the admission of the applicant without examination."

The answer to the question reserved is explicitly found in the decision of this court in *In re Application of Plantamura,* 149 Conn. 111, 114, 176 A.2d 61, cert. denied, 369 U.S. 872, 82 S. Ct. 1141, 8 L. Ed. 2d 275: "The word 'actually' was added by an amendment, effective February 1, 1941, to § 8 of the 1934 Practice Book. It is not to be assumed that such a change would have been made without reason. *Brown* v. *Cato,* 147 Conn. 418, 421, 162 A.2d 175. Clearly, the word 'actually' was inserted to emphasize the necessity of practice before a court as distinguished from a mere unexercised right to practice. Actual practice in the highest court of original jurisdiction provides a crucible for testing legal

knowledge and its practical application in behalf of clients. The framers of the rule could reasonably consider that such a requirement would provide a fair and desirable safeguard for the citizens of Connecticut who might employ an attorney who had been a member of the bar of another jurisdiction and thereafter had been admitted without examination to practice in this state. In the light of the 1941 amendment, § 8 [Practice Book, 1934] must be construed to require 'actual practice' and not merely 'authority to practice.' It is true, as the applicant points out, that many of the most successful and respected members of our bar seldom appear in the Superior Court, our highest court of original jurisdiction. This does not, however, destroy or minimize the obvious purpose of the framers of the rule."

The specific answer to the reserved question must be "No."

No costs will be taxed in this court in favor of either party.

In this opinion the other judges concurred.