**In re Joseph F. McCAFFREY, Applicant for Admission to the Delaware Bar.**

Supreme Court of Delaware.

Submitted: July 5, 1988.
Decided: July 7, 1988.

Sidney Balick, and Muriel L.D. Testa, Wilmington, on behalf of Joseph F. McCaffrey.

P. Clarkson Collins, Jr., Wilmington, on behalf of the Delaware Bd. of Bar Examiners.

Before CHRISTIE, C.J., WALSH and HOLLAND, JJ.

HOLLAND, Justice:

Joseph F. McCaffrey ("McCaffrey") has appealed a decision of the Delaware Board of Bar Examiners (the "Board"), denying his application for admission to the Delaware Bar and for permission to take the Delaware Bar Examination ("Bar Examination") authorized under BR–52.4 of the Rules of the Board. The Board denied McCaffrey's application because he had not been graduated from a law school which at the time of conferring his law degree was listed on the American Bar Association ("ABA") list of approved law schools. The Board opposes McCaffrey's appeal from its decision denying his application to take the 1988 Bar Examination and for admission to the Delaware Bar.

Rule 52(a)(5) of the Supreme Court Rules provides in pertinent part:

> (a) Requirements for Admission. No person shall be admitted to the Bar unless he shall have qualified by producing evidence satisfactory to the Board:
>
> . . . .
>
> (5) That he has been regularly graduated with a baccalaureate degree or its equivalent from a law school which at the time of conferring such degree was listed on the American Bar Association list of approved law schools.

Supr.Ct.R. 52(a)(5). The Rules of the Board impose an identical requirement. BR–52.2(b)(iii).

In his appeal to this Court, McCaffrey admits that he does not satisfy this admission requirement.[1] McCaffrey received his law degree from the University of Baltimore School of Law in 1963. However, that law school did not receive full accreditation by the ABA until 1981. It received provisional accreditation in 1972. In 1963, when McCaffrey graduated, it was accredited only by the State of Maryland. McCaffrey alleges that the Board's and this Court's ABA approval requirement is an "unlawful or improper delegation of judicial authority to a private or non-judicial organization." McCaffrey requests that this Court waive Rule 52(a)(5).

On an interim basis, McCaffrey has requested that he be granted leave to take the 1988 Delaware Bar Examination pending briefing and a decision in this appeal. The Board does not oppose this request for interim relief provided that McCaffrey's examination scores are not disclosed unless this Court rules favorably upon McCaffrey's appeal. Even if McCaffrey is successful in this appeal, the Board must review and pass upon McCaffrey's character and fitness for admission to the Delaware Bar. Supr.Ct.R. 52(a)(1). The only question currently before this Court is whether or not McCaffrey should be permitted to take the 1988 Delaware Bar Examination during the pendency of this appeal.

■ This Court has held that "[a]dmission to the [Delaware] Bar is not under any circumstances an automatic right. Rather, it depends on three basic and unalterable prerequisites: good moral character, learning and demonstrated competence. Unless an applicant meets these qualifications, denial of admission must follow." *In re Green,* Del.Supr., 464 A.2d 881, 885 (1983) (per curiam). The *sine qua non* of an application for admission to the Delaware Bar is a demonstration by the applicant, through evidence satisfactory to the Board, that the applicant is learned in the law. The Board's Rules and the Rules of this Court require that the applicant produce evidence of having been "regularly graduated with a baccalaureate degree or its equivalent from a law school which *at the time of conferring such degree* was listed on the American Bar Association list of approved law schools." Supr.Ct.R. 52(a)(5); BR–52.2(b)(iii) (emphasis added). After the applicant has produced evidence of such a legal education, a character investigation is conducted. If the evidence of an applicant's legal training and good moral character is satisfactory to the Board, that person is permitted to demonstrate his or her competence to practice law by taking the Bar Examination. Supr.Ct.R. 52(b).

In this case, the Board has neither reviewed nor passed upon McCaffrey's character or fitness for admission to the Delaware Bar since it has determined that he does not meet the legal education requirement of Supreme Court Rule 52(a)(5). Therefore, McCaffrey's request for permission to take the Bar Examination is tantamount to a request for the Board and this Court to reverse the normal application process. McCaffrey requests permission to take the Bar Examination first, and to have his good moral character examined subsequent to the Bar Examination during the pendency of this appeal, where the sufficiency of his legal education is at issue.

■ A petitioner who seeks permission to take the Bar Examination while his legal education or moral character are the sub-

1. The parties have filed a joint stipulation of facts which constitutes the record in this appeal.

ject matter of an appeal must demonstrate a likelihood of success on appeal. We find that the Board's usual procedure for processing applications to take the Delaware Bar Examination is reasonable and should be followed in this case. Supr.Ct.R. 52(b). Only those applicants who have been adjudged qualified by the Board with respect to both their legal training and their moral character should be permitted to take the Bar Examination. If the Board makes a determination that an applicant lacks the legal education that is a prerequisite for admission to the Delaware Bar, there is no reason for the Board to investigate the applicant's moral character. Perhaps, in rare instances, involving circumstances which are not present in this appeal, an applicant's legal education and moral character can be finally evaluated on appeal subsequent to having received permission to take the Bar Examination.

In this case, McCaffrey alleges that this Court's ABA approval requirement is an unlawful or improper delegation of judicial authority to a private or nonjudicial organization. Identical admission requirements have been upheld in other jurisdictions where challenges similar to McCaffrey's were made. *See, e.g., Potter v. New Jersey Supreme Court*, 403 F.Supp. 1036, 1037–40 (D.N.J.1975), *aff'd*, 546 F.2d 418 (3d Cir.1976); *Application of Urie*, 617 P.2d 505, 507–09 (Alaska 1980); *Rosenthal v. State Bar Examining Comm.*, 116 Conn. 409, 165 A. 211, 212–14 (1933); *Florida Bd. of Bar Examiners In re Hale*, 433 So.2d 969, 972–73 (Fla.1983); *In re Hansen*, 275 N.W.2d 790, 792–97 (Minn.1978) (en banc), *appeal dismissed*, 441 U.S. 938, 99 S.Ct. 2154, 60 L.Ed.2d 1040 (1979); *Appeal of Murphy*, 482 Pa. 43, 393 A.2d 369, 371–74 (1978) (per curiam), *appeal dismissed and cert. denied*, 440 U.S. 901, 99 S.Ct. 1204, 59 L.Ed.2d 449 (1979). *See generally Hackin v. Lockwood*, 361 F.2d 499, 502–04 (9th Cir.), *cert. denied*, 385 U.S. 960, 87 S.Ct. 396, 17 L.Ed.2d 305 (1966).

We find that this case is not one of those rare instances in which a person should be permitted to take the Delaware Bar Examination during the pendency of an appeal.

This applicant has not presented satisfactory evidence of his legal education as required by the Rules of the Board. The Board has not investigated the applicant's moral character. The applicant has not demonstrated a likelihood of success on appeal. Therefore, McCaffrey's request for interim relief to this Court, asking it to order the Board to allow him to take the 1988 Delaware Bar Examination, is DENIED.