[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant James Malloy objects to acceptance of the report of the Attorney Trial Referee ("ATR"), which objection was filed simultaneously with his motion to correct. The ATR filed his compliance with the motion on August 14, 1991 correcting certain paragraphs in his report and declining to correct others. The defendant has not filed any exceptions to the ATR's findings pursuant to the C.P.B. Section 439 and so there is no transcript of the evidence to enable the court to determine whether the evidence supports the findings nor has the defendant characterized the ATR's actions as required by Section 439. Nor does his objection under Section 440 specify any grounds.
On the other hand, some of the objections raise issues of fact, the determination of which seem to require consideration of matters not appearing in the report. C.P.B. Sec. 440, namely the transcript. Section 439 mandates that the parties seeking action by the court on such grounds, file a transcript of the evidence taken before the ATR. Since the defendant has failed to follow the rule, the court is not bound to consider the defendant's evidentiary claims that the findings are not supported by the evidence. Rostenberg-Doern v. Weiner, 17 Conn. App. 294,302.
It is the court's duty to determine whether the ultimate factual conclusions of the ATR are supported by his subordinate factual findings. Shaw v. Socci, 24 Conn. App. 223. At the outset, it is noted that the report does not separate the ultimate conclusions from the subordinate findings. Nevertheless, a careful reading of the report as corrected, permits a determination as to each.
Each of the defendant's objections, as the court understands them, will be treated in order.
1-7) The first seven paragraphs taken together assert that the original complaint fails to allege that this defendant hired the plaintiff or agreed to pay him a legal fee, and that the first introduction of this defendant into the pleadings occurred on May 7, 1990 when the plaintiff amended his complaint so as to add a fourth count against this defendant. The short answer CT Page 9915 to this, is that the fourth count merely expanded the more general allegations already contained in the original complaint. The subordinate facts recited by the ATR amply support ultimate finding No. 5 of his corrected report.
8.) The defendant objects that "there was absolutely no evidence that the three defendants acted in concert". To the extent that a transcript is needed to evaluate this objection, none was furnished. On the other hand, the subordinate facts recited by the ATR support this conclusion.
9.) The ATR did not ignore the fact that the plaintiff's bills were sent to XI TECH, Inc. In fact No. 16 of his report explicitly finds this fact.
10.) The defendant's attempt to shift responsibility to XI TECH, Inc. fails in the face of findings Nos. 14, 15, 18, 30, and 32.
11.) This objection is without merit as the conclusion set forth in finding No. 43 is supported by the subordinate facts. Under the general common law rule, where two or more promisors enter into an agreement with a third-party for one performance, there is a presumption that the promisors are contracting jointly in the absence of words of severance in the contract. "The effect of a joint obligation as distinguished from a several obligation is that each promisor is liable for the whole performance jointly assumed where . . . all three promisors are made parties and none is under any disability." Schubert v. Ivey, 158 Conn. 583. There is no meaningful difference between joint and joint and several liability. Balentine's Law Dictionary, Third Ed. at 677.
12.) While the court may be inclined to a liberal interpretation of the rule governing admission to the bar of out-of-state attorney, In Re Application of Plantamura, 22 Conn. Sup. 213, it is unclear whether this attitude would apply to Section 51-88. "The law seems to be well settled that no one is entitled to recover compensation for services as an attorney at law unless he has been duly admitted to practice before the court, or within the jurisdiction in which the services were rendered, and is an attorney in good standing at the time." Taft v. Amsel,23 Conn. Sup. 226, 227.
The defendant characterizes the legal services as those performed by a New York attorney wholly in the State of Connecticut. The ATR's findings indicate the following:
 a.) The plaintiff resided in Connecticut. b.) XI TECH Inc. whom the defendant sought to acquire was a New York Corporation. CT Page 9916 c.) The plaintiff engaged in an interstate corporate practice. d.) The only strictly Connecticut legal work performed was the formation of Altus Corporation. e.) No evidence was offered of the time spent on this endeavor. f.) All services rendered were rendered as a New York attorney to acquire a New York Corporation.
The court notes that a substantial portion of the legal work was done after the plaintiff became a member of the Connecticut Bar on February 11, 1988. In a contract action, findings of fact should be overturned only when they are clearly erroneous. Wilcox Trucking Inc. v. Mansour Builders Inc., 20 Conn. App. 420,423.
For the foregoing reasons the objections are overruled and judgment is entered in accordance with the report.
MOTTOLESE, J.