VERNON COUNTY BAR ASSOCIATION, Appellant, vs. McKIB-
BIN, Respondent.

*April 10—April 29, 1913.*

*Attorneys at law: Qualifications: Person improvidently admitted: Striking name from roll: Powers of court: Upon whose motion court may act: Statute construed: Practice in another state: Appeal, by whom taken: Bar association.*

1. An attorney at law is an officer of the court; and the court has ample power to protect itself, the bar, and the public against the danger of any one holding such office who is not legally as well as morally qualified therefor.

2. In determining whether the name of a member of its bar should be stricken from the roll, the court may act upon its own motion or upon application of any member of such bar (and especially of the bar acting collectively) or even of a private person. The technical status of an *amicus curiæ* has nothing to do with the matter.

3. The mere lapse of the term at which a person was admitted to the bar does not disable the court from revoking his license to practice on the ground that he was not legally entitled to be so admitted.

4. Where the legislature has prescribed conditions of eligibility to admission to practice law, which are reasonable, it is the duty of the court to enforce compliance therewith.

5. Under a statute (sec. 1, ch. 19, Laws of 1903) providing that residents of this state who "have been admitted to practice in

the supreme court of any other state or territory" and who have actually practiced "in such other state or territory" for at least two years may be admitted to practice in this state, a person who after being admitted to practice in the supreme court of one state did not practice in that state but did practice for two years in another state by virtue of admission in a lower court in the latter state, was not entitled, when he became a resident of this state, to be admitted to practice here.

6. In admitting a person to practice upon proofs which show that he has not complied with the statutory conditions, the court commits a jurisdictional error which may be corrected at any time by expunging his name from the roll of attorneys.

7. A bar association which petitioned the circuit court to revoke an attorney's license to practice, being competent to be heard on such petition, is entitled to appeal to the supreme court from an order denying it.

APPEAL from an order of the circuit court for Vernon county: E. C. HIGBEE, Circuit Judge. *Reversed.*

Special proceeding to recall a license issued to *George W. McKibbin* to practice law.

The *Bar Association of Vernon County* petitioned for an order to show cause why the license, which was granted some two years before by the circuit court for La Crosse county, should not be revoked because such license was granted upon proof, only, that *Mr. McKibbin* had practiced law for two years in West Virginia, under a license duly issued to do so, but not by its highest court. The order was granted. *Mr. McKibbin* answered, alleging that, prior to the admission in La Crosse county, he was duly licensed to practice law in West Virginia and practiced therein from November 13, 1907, to April 27, 1910, supporting that by a certificate showing admission to the bar of the circuit court for Randolph county, West Virginia. He further answered that, in due course, he graduated from the law department of U. S. Grant University in the state of Tennessee, and, thereafter, was duly admitted to the bar by the supreme court of that state and, subsequently, had two years' practice in the state of West Virginia, and that the admission in La Crosse county

was granted upon the circuit judge being satisfied by proofs of such facts.

The facts stated being conceded, the court held that the practice in West Virginia as a member of the bar of a circuit court to which he was admitted on proof of his having graduated at the law school in Tennessee and been admitted to practice law by the supreme court of that state, substantially, though not technically, satisfied the statute here as to competency for admission to the bar. Moreover, that the petitioner was without capacity to question respondent's right to enjoy his license, and that the court's jurisdiction to recall it lapsed with the term at which it was granted. Basing the result thereon the petition was dismissed.

For the appellant there was a brief by *C. W. Graves* and *H. P. Proctor,* president and secretary of the bar association, and oral argument by *Mr. Graves.*

For the respondent there was a brief by *W. F. & A. C. Wolfe,* and oral argument by *W. F. Wolfe.*

MARSHALL, J. A few general principles which need but to be stated to be recognized as sound and be appreciated, will disclose whether the learned circuit court decided rightly.

An attorney is an officer of the court and, in a sense, of the state. The position is one of much dignity and responsibility. It is very important to the people and the court that the standard of admission to the place and retention thereof should be as high as practicable in law, and maintained as high as practicable in fact. Much power in that regard is vested in the court by the constitution, incidental to its possession of judicial power and its duty to enforce, through careful administration, legislative tests of eligibility.

It has been aptly said by this court, that a bar is as essential, almost, as the bench and a good bar is essential to a good bench and a good bench to a good bar. *In re Goodell,* 39 Wis. 232. To that end it is recognized, in general, that the position of attorney is "subject to strict oversight

and summary power of the court,"—*In re Mosness,* 39 Wis. 509,—within the limits of reasonable legislative regulation, and that of judicial discretion where there is no written law on the subject. While using due caution to avoid doing injustice to any one who holds, even *de facto,* the position of member of the bar, the court should firmly perform its high judicial duty to protect itself, its bar, and the public from the danger of any one holding the high and honorable position of attorney at law who is not legally as well as morally qualified therefor. To that end the court has ample power, which may be exercised quite summarily, the boundaries of due process of law not being transcended, as the decisions of this court referred to, bear witness. They are in harmony with the general trend of authority. *Petition of Splane,* 123 Pa. St. 527, 16 Atl. 481; *In re Day,* 181 Ill. 73, 54 N. E. 646; *People ex rel. Blackmer v. Campbell,* 26 Colo. 481; *In re Cooper,* 22 N. Y. 67; *In re Branch,* 70 N. J. Law, 537, 57 Atl. 431; Weeks, Attorneys at Law, § 80; 4 Cyc. 900.

From the very nature of the judicial duty mentioned, no particular method is necessary to its activity. The court can act upon its own motion as to whether the name of a member of its bar should be stricken from the roll or on application of any member of such bar, or even a private person. Whenever a state of facts shall have come properly to its attention, requiring exercise of the power, it may and ought to act in the matter, making its own rules for the case where there is no written regulation on the subject, being careful to accord to the subject due process of law.

True, the court has some discretion as to whom to recognize. But the mere source is not jurisdictional, while arbitrary refusal to listen to information from a proper person might be jurisdictional. The idea entertained below, that the technical status of an *amicus curiæ* has anything to do with the matter, or that the collective bar, through its organic representatives, is not entitled to efficiently approach

the court with such a matter, cannot be approved.    It would
be a most radical departure from the idea before expressed,
of the close relations between bench and bar, the mutual de-
pendence of each upon the other, and importance to both of
maintaining the highest practicable dignity, purity, capa-
bility, and integrity of the bar, to hold that, though the at-
torneys of a court petition it, acting substantially as a unit,
as regards a matter vital to the integrity of the profession, a
deaf ear must, or may, be turned thereto.    There was a most
grievous misconception at this point in the court below.

While the action of the court in admitting a person to be
a member of its bar, or striking the name of a member from
the roll for any cause, is of a judicial nature and within the
appeal statute, the constitutional authority of the court in
such matter is not limited, as in proceedings *inter partes,* so
that the mere lapse of a term will disable it from doing what-
ever may be reasonably necessary to preserve the proper char-
acter of its officers.    Some authorities to the contrary else-
where are out of the general current on the subject, and to the
foundation principles respecting the relations between the
court and its assistants in the administration of justice.
We cannot approve of the idea which the court below enter-
tained on this point.

It is unnecessary to discuss, or express an opinion, as to
whether, prescribing the standard for admission to the bar,
is a judicial or legislative function.    The court has hereto-
fore spoken on the subject and, whether right or wrong, is im-
material to this case.    For myself, I indorse wholly what
was said in *In re Mosness,* 39 Wis. 509.    It will be found, in
my judgment, fully vindicated in the several cases above
cited and, in general, by all considerate discussion of the sub-
ject.

There is no question but that the legislature has power to
regulate admission to the bar by prescribing a standard there-
for, and it is the duty, as it should be the pleasure, of the
court to give full effect to all reasonable efforts in that re-

gard. Further, in case of the legislature having, as here, prescribed conditions of eligibility to admission to practice law, which are reasonable, want of such conditions should be regarded as insurmountable.

The legislature having reasonably provided by the written law, that "all persons who shall have been admitted to practice in the supreme court of any other state or territory, and who shall be residents of this state, may be admitted to practice" here "upon satisfactory proof of their having been engaged in actual practice in such other state or territory for a period of at least two years prior to application for admission to courts of record of this state," it cannot be departed from in judicial discretion, as was done in this case in refusing to recall the mistake made in the first instance. The only way that one can satisfy that standard of admission is to come up to it.

It follows that the learned circuit court committed error in treating a vital requisite of admission to the bar as a mere technicality. Instead of the subject having practiced his profession two years in the state where he was admitted to practice by its highest court, as our statute requires, he had not practiced there at all. It may be that the two years' practice in the neighboring state might mean as much, in fact, but it is not given to the courts to thus deal with a plain statutory regulation.

Therefore, the trial court committed jurisdictional error in admitting respondent. The competency of the court was limited by the proofs presented respecting whether the applicant for admission satisfied the statutory conditions. It granted the license in the face of a plain case of want thereof. Such an excess of authority may be recalled at any time. Doubtless the particular excess was not intentional. Any member of the bar, and especially the bar, acting collectively, has the right to request the court to recall such an inadvertent act and expunge from the roll of attorneys the name illegally placed there. Courts elsewhere have dealt with analogous

matters in a similar way. *Petition of Splane,* 123 Pa. St. 527, 16 Atl. 481, is a good example.

The result is unfortunate to the respondent, but the law cannot be changed to satisfy the necessities of a particular case. Doubtless he presented his application for admission in good faith and it was inadvertently granted; the trial court overlooking the want of essentials at the time, or not appreciating that it had no power to disregard them. No moral turpitude attaches to the respondent. He can probably regain his position through the abundant facilities afforded by the written law. It is far better that he should be put to that inconvenience than that a dangerous precedent should be made.

It is needless, perhaps, to say that, since appellant had sufficient interest in the subject of the litigation to possess competency to be heard on the petition in the court below, it is a party aggrieved by the order appealed from within the meaning of the appeal statute, and so, entitled to bring such order to this court for review.

*By the Court.*—The order is reversed, and the cause remanded with directions to grant the prayer of the petitioner.