APPLICATION OF STATE BOARD OF LAW EXAMINERS.

*February 9—September 27, 1921.*

*Attorneys: License to practice: Fraud: Revocation of license.*

Where an attorney, applying to the supreme court for admission to practice, represented that he was a practicing attorney in good standing in another state, but the evidence later disclosed that he had been guilty of gross professional misconduct and that proceedings for his disbarment were pending in the state of his former residence, which he evaded by resigning his position as attorney in such state, his license to practice in Wisconsin will be revoked.

APPLICATION by the *State Board of Law Examiners* to annul an order of this court admitting *Julius Geweke* to practice as an attorney. *Application granted.*

*Winfield W. Gilman,* assistant attorney general, and *William R. Bagley,* President of the *State Board of Law Examiners,* of Madison, for plaintiff.

*Julius H. Geweke* of Watertown, *in pro. per.*

SIEBECKER, C. J.  An order was entered by this court on the 9th day of February, 1921, annulling the order admitting *Julius H. Geweke* to the practice as an attorney at law.  The record then before the court shows that he had misled this court at the time he applied for admission to be licensed to practice as an attorney by misrepresenting that he was then a practicing attorney in good standing in the state of Illinois. The facts adduced in evidence show that he at that time had been guilty of gross professional misconduct.  It appears that he had committed the offense of embezzling funds of his clients; that he wilfully concealed from this court the fact that proceedings had been instituted against him in the courts of Illinois for his disbarment, and that he had evaded prosecution in such proceeding by resigning the position as a licensed attorney in such state before the charges so preferred against him came to a hearing.  It is shown that he offended against the law and was guilty of conduct unbecoming a lawyer in good standing.  His misconduct consisted in fraudulent misrepresentation to his clients as to the state of affairs concerning the business intrusted to him by them and in having committed offenses of a grave and serious nature.  It is a matter of surprise to learn that respondent was permitted to ply his nefarious practices for so long a time as he did.  The unmolested continuance of his depredation evinces a deplorable lack of activity for the preservation of honorable professional standing and an inexcusable neglect of having him disbarred from the ranks of attorneys at law.  Courts and members of the legal profession are charged with the duty of having such transgressors speedily disbarred for the protection of the community and the maintenance of the honor and dignity of the profession.

The office of attorney is a most important one and demands of every member the strictest adherence to every tenet of morality.  Ethical delinquencies by a member of the bar disgrace not only the offender, but—

"His shame defiles the law itself.  The law must speak through the profession to other men.  They depend upon the lawyer when they depend upon the law.  He is identified with it.  Its character as a useful and noble service depends upon the character of the profession.  So as men see the profession in individuals rather than in the whole, it has happened that much unmerited reproach and obloquy has fallen on the law."

These words, spoken by the late Senator Vilas to the Law Class of the State University are utterances which convey precious and solemn truths.  They express an ideal that every member of the bar of honorable intentions aspires to achieve.  This court in *Vernon County Bar Association v. McKibbin*, 153 Wis. 350, 141 N. W. 283, declared:

"An attorney is an officer of the court and, in a sense, of the state.  The position is one of much dignity and responsibility.  It is very important to the people and the court that the standard of admission to the place and retention thereof should be as high as practicable in law, and maintained as high as practicable in fact."

The comments of former Chief Justice RYAN in speaking to the members of the bar of their duty to preserve the power and influence of the profession are pertinent and informing in this connection:

"A knavish lawyer is certainly the most dangerous of all knaves.  For it is to the profession that in time of peril all rights of person and property are committed.  The bar is the trustee of everything which man holds sacred, and the opportunity to betray is fearfully easy.  Indeed it may be truly said that integrity of character is as essential to a lawyer as professional learning.  For without innate love of truth and justice it is impossible truly to comprehend a profession essentially founded on truth and justice."

The power of courts to remove an unfaithful member from the office of attorney has been recognized and asserted by the courts of this state from an early day. *In re Mosness,* 39 Wis. 509; *In re Orton,* 54 Wis. 379, 11 N. W. 584; *Vernon County Bar Association v. McKibbin,* 153 Wis. 350, 141 N. W. 283. See, also, Ann. Cases 1913D, 1156 *et seq.*

The case before us is so clear and flagrant a breach of professional ethics that comment on the facts is superfluous. The manner in which respondent exercised the privileges of an attorney shows him to be an unfit and unsafe person to hold the privileges conferred upon a licensed attorney. The court being officially advised that respondent has forfeited the right to hold the office of attorney at law, there is no other course to follow than to have his license revoked and debar him from exercising the privileges of this office. It is a duty the court owes to the profession, to the people of the state, and to an honorable and upright administration of justice.

The petition praying for the revocation of defendant's license admitting him to the practice as attorney in the courts of this state must be granted.

DOERFLER, J., took no part.