[S. F. No. 14974. In Bank.—January 22, 1934.]

ROBERT HENDERSON, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

O'Melveny, Tuller & Myers, Albert Parker and W. M. Rogers, Jr., for Petitioner.

Philbrick McCoy for Respondent.

THE COURT.—Petitioner seeks to be admitted on motion, and without examination, to the practice of the law in all the courts of this state. The committee of bar examiners and The State Bar do not presently question petitioner's moral or educational fitness to enter the profession, but have concluded that, under the rules governing admission on motion, they are without jurisdiction to move his admission without examination because of the highly specialized and peculiar character of his prior practice.

At the time petitioner filed his application for admission it was essential, among other things, that an applicant seeking admission without examination furnish proof that he had been "admitted to practice law in the highest court of a sister state, or of a foreign country, where the common law of England constitutes the basis of jurisprudence". (See order of this court, dated August 24, 1931, adopting provisions of repealed sections 275, 276, 276a, 277, 279 and 280 of the Code of Civil Procedure as the rules governing the admission to practice law in this state pending the framing and adoption of definitive rules and regulations.)

The quoted portion of the above rule, effective when petitioner applied for admission in March, 1932, is, for all practical purposes, substantially identical with the rule subsequently adopted and presently effective which requires that an applicant for admission on motion, and without examination, furnish proof "that he is a member of the bar of the highest court of a sister state, territory, the District of Columbia, or of a foreign jurisdiction where the Common

Law of England constitutes the basis of jurisprudence''. (See Rules Regulating Admission to Practice Law, 213 Cal. cxlv, cxlviii.)

We are satisfied that the committee of bar examiners has correctly determined that petitioner has failed to satisfy the requirements of the above rule in either its original or revised form. Inspection of the record discloses that petitioner graduated from the United States Naval Academy in 1902 and has served in the navy, holding all commissions from midshipman to captain, until his retirement in 1929; that he was graduated from the George Washington University Law School on June 23, 1925, with the degree of bachelor of laws; that from time to time he has since acted as legal adviser to the governor of the island of Guam, has served as an associate judge in the consular court at Constantinople, and has acted in a legal capacity in the judge advocate's office at Washington, D. C., and has participated as counsel in various courts-martial.

It is apparent from the record that petitioner's practice of the law, in the main, has been carried on in and before the various courts and boards established for the purpose of exercising the very limited jurisdiction vested in naval tribunals and in and before consular courts of equally limited jurisdiction. In view of this, we are unable to say that petitioner, within the meaning and intent of the rules governing admission, ''is a member of the bar of the *highest court* of a sister state, territory, the District of Columbia, or of a foreign jurisdiction where the Common Law of England constitutes the basis of jurisprudence'', and this, without attempting in any manner to minimize or deprecate petitioner's ability or learning in the law.

The order to show cause is therefore discharged and the petition denied.