In the Matter of the Application of VINCENT M. ROTOLO for Admission to Practice as an Attorney and Counselor at Law. (From the State of New Jersey.) — It seems this applicant violated the rules of the Supreme Court of the State of New Jersey by practicing in the courts of that State for a period of three months when he was not a resident of that State. The court is inclined to overlook this transgression because it may have been due to applicant's misunderstanding of

the meaning of the New Jersey rule. The applicant was a resident of this State for the said three months during which he was practicing in New Jersey. Those three months were at the end of the five-year period during which applicant states he was practicing in the State of New Jersey. While the rules of the Court of Appeals do not state that during the five years of actual practice in a sister State the applicant must be a resident of the sister State, this court is of the opinion that it is within the spirit of the rule that no person may be admitted here without examination, on the claim of five years' actual practice in a sister State, when during any part of the five years the applicant was a resident of the State of New York. To permit a resident of this State to be admitted on motion on the basis of five years' practice in a sister State would open the door to an evasion of the plain purpose to raise the standards of admission and at the same time give an advantage over those who are required to conform strictly to the rules of the Court of Appeals as to their scholastic rating and legal training and who must also undergo a severe test under the direction of the Board of Law Examiners. While in this case the residence in this State was for a short period during the practice in New Jersey, the court feels that, in view of the large number of applicants for admission upon examination, there must be a strict construction of the rules of admission on motion. Application denied. Present — Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ.