### (December 10, 1937.)

In the Matter of the Application of WESLEY F. PAPE for Admission to Practice as an Attorney and Counselor at Law. (From the District of Columbia.) — The petitioner was admitted to the bar in the Supreme Court of the District of Columbia on October 9, 1922, and was admitted to practice in the Court of Appeals of the District on October 10, 1922. On June 10, 1928, he applied for admission to the bar of this State without examination, alleging, in his application to the committee on character and fitness in the Second District, that he had practiced in the District of Columbia for five years, thus implying that he had practiced there until October 9, 1927. In the questionnaire filed with his original application to be permitted to practice in the courts of this State, the petitioner stated that he had resided in Washington, District of Columbia, from April 16, 1920, to August 1, 1926. During the period between August 1, 1926, and April 23, 1927, he claimed he resided in Washington, District of Columbia, although from August, 1926, until the present time he had been employed by a publishing house in the State of New York. He claimed " permanent residence " in Hollis, Queens county, N. Y., from April 23, 1927, yet in a letter to the chairman of the committee on character and fitness, written in furtherance of his application for a rehearing, made in 1930, he stated that he had retained his " legal domicile " in Washington until February, 1928, but on the present application he claims he had retained his domicile in Washington " definitely through November, 1927;" and that he

had retained his residence there " long after that date." The records in the office of the city collector in the borough of Queens show that on June 2, 1927, the petitioner paid taxes due on May 1, 1927, and that on November 22, 1927, he paid taxes due on November first of that year. These taxes were levied and paid on the house and lot which petitioner owned in Hollis and in which he claimed to have resided from April 23, 1927. Investigation further discloses that he registered as a voter and voted in the seventieth election district of the fourth Assembly district, Queens county, for the year 1927, and that in 1926 he registered and voted in the county of New York. The record shows that for about six months of the only five-year period during which the petitioner could claim to have been practicing in the District of Columbia, he was a resident of the State of New York. His claim that he practiced there for any period after April 23, 1927, cannot be considered, as the record indicates that he has resided in this State since that time. On this ground the application should be denied. (*Matter of Rotolo*, 247 App. Div. 724.) But it is not necessary to base denial on this ground alone. The petitioner's conflicting statements and the changing of dates on two different occasions and his failure to advise the court of his real status as a resident of the State of New York indicate a shifting of position and a lack of reliability in presenting the facts to the court. These reasons alone would require the court to deny the application. Application denied. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ. [See *post*, p. 914.]