In the Matter of JOHN G. LERCH, Appellant.
COMMITTEE ON CHARACTER AND FITNESS, NINTH JUDICIAL
DISTRICT, Respondent.

Argued January 13, 1939; decided February 28, 1939.

*Hersey Egginton, Charles E. Bensel* and *John Ambrose Goodwin* for appellant. The Appellate Division has denied the appellant's application for admission to the bar on motion solely as a matter of law and in so doing has exceeded its authority and misconstrued the rule of the Court of Appeals by construing " practice " to mean " residence." (*Matter of Rotolo*, 247 App. Div. 724; *Matter of Dodds*, 250 App. Div. 779.) The applicant has actually practiced at least five years in the District of Columbia within the meaning and intent of the rule. (*Matter of Pace*, 170 App. Div. 818; *Savings Bank* v. *Ward*, 100 U. S. 195.)

No appearance for respondent.

*Per Curiam.* The rules of the Court of Appeals for the admission of attorneys and counselors-at-law provide for admission without examination of " Any person who has been admitted to practice in the highest law court in any other state or territory of the American Union or in the District of Columbia and who has actually practiced at least five years in such court or in the highest court of original jurisdiction." (Rule II, § 1.) A person to be admitted under this rule must be a citizen of the United States, over twenty-six years of age, and must show that he is and, for not less than six months immediately preceding the application, has been an actual resident of the State.

The period of five years, during which the applicant must have practiced in another State, assumes that he also resided there during that time. The rule was never intended to cover a resident of this State who, while residing here,

practiced elsewhere. A resident of another State practicing for five years in its highest court may, upon coming here to reside, be admitted to practice in our courts upon complying with the other requirements of our rules. Actual practice in the highest court, or the highest court of original jurisdiction, does not mean that the applicant must have been in the courts for the five years; rather, that he has been permitted to practice in such a court for that period of time. While practice in the courts refers to authorization, residence within the State in order to practice, must be actual, and for the duration of five years. Even then the Appellate Divisions are given a discretion in applying tests as to character and qualifications. There is no discretion, however, with reference to residence and the five-year period of practice.

Where the peculiar facts of a case show beyond doubt that it comes within the meaning and purpose of our rules, but lacks strict compliance, this court has at times ordered the applicant's admission or examination. For instance, if within the five-year period the lawyer was employed in legal capacity by the Federal government away from home, his temporary absence from his State might not count against him. The petitioner here has appealed from the order of the Appellate Division which, as matter of law, denied his admission because he had not lived in Washington, D. C., for five years, while permitted to practice there. The appeal brings up for decision merely the interpretation of our rules and their application by the Appellate Division.

The order below should be affirmed, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Order affirmed.