IN RE APPLICATION OF THOMAS J. DODD, JR., FOR
ADMISSION TO THE BAR.

JENNINGS, ELLS, DICKENSON, MUNGER and COMLEY, JS.

Argued June 12—decided June 28, 1945.

*W. Arthur Countryman, Jr.,* and *Arthur M. Brown,* for the appellant.

*M. J. Blumenfeld* and *Frank L. McGuire,* with whom was *Thomas J. Dodd, Jr.* (pro se), for the appellee.

*Robert P. Butler* and *David Goldstein* argued, as amici curiae, in favor of the appellee.

*David L. Daggett,* with whom, on the brief, was *Richard Hooker, Jr.,* argued, as amicus curiae, in favor of the appellant.

JENNINGS, J. This is an appeal from a judgment admitting the applicant to the bar of Connecticut without examination. The five assignments of error amount to a claim that neither the record as a whole nor the report of the committee on recommendations for admission to the bar in particular shows that the applicant has actually practiced for ten years in the highest court of original jurisdiction in South Dakota, as § 8 of the Practice Book requires in his case.

The candidate's application for admission to the bar, signed by him, contains the following statements of fact, admitted to be true for the purposes of this ap-

peal: The applicant was born in Connecticut, the son of parents who were natives of Connecticut, and he lived here until 1933. He was graduated from St. Anselm's Preparatory School, Manchester, N. H., Providence College, Providence, R. I., and the Yale Law School. He resided in St. Louis, Mo., from 1933 to 1934, and in Vermillion, S. D., in 1934. Since 1934 he has resided in Washington, D. C., New Haven, Conn., Bethesda, Md., and Lebanon, Conn. In 1933 he appeared before the committee of the New Haven bar in connection with his application to take the Connecticut bar examination and his application was approved. It is admitted that he failed to pass, although this fact does not appear on the application. He was admitted to the bar of South Dakota on July 24, 1934, to the bar of the Circuit Court of Appeals, Washington, D. C., on March 6, 1940, and to the bar of the United States Supreme Court on March 13, 1940.

In 1934 and 1935 the applicant was engaged in the preparation of cases for trial in the United States Departments of Justice and the Interior; from August, 1935, to October, 1938, he was state director of the National Youth Administration for Connecticut, engaged in administrative-legal work. Since that time he has been a special assistant to the several attorneys general of the United States, exclusively engaged in the preparation and trial of civil and criminal cases on behalf of the federal government in the District Courts of Connecticut, Rhode Island, New York, Michigan, New Mexico, Indiana, Arkansas, Kansas, Georgia and the District of Columbia. He has also appeared in the Circuit Court of Appeals and the United States Supreme Court. He has acted as chief counsel in more than two hundred and fifty cases.

Affidavits and certificates annexed to the application show that the applicant passed the South Dakota bar

examinations, and was admitted to, and has since been carried on the rolls of, its integrated bar as an active member. Only active members of the state bar of South Dakota are entitled to practice there. His character references are of the best. The Connecticut state bar examining committee certified that his educational qualifications were such as to entitle him to take the Connecticut bar examination at this time. The committee on recommendations for admission to the Connecticut bar for New London County reported that he met the requirements as to character and general fitness and recommended that his application to be admitted without examination be granted. The bar of New London County accepted this report on November 3, 1944. On December 18, 1944, William H. Shields, an attorney resident in New London County, filed a motion to deny and dismiss the application. On January 17, 1945, the application for admission to the bar was granted and the motion was denied. On January 18, 1945, the applicant took the attorney's oath in open court.

The appellant has filed a motion in this court to strike out parts of the applicant's brief. It is necessary to dispose of this as a preliminary matter. The motion alleges that the applicant's brief contains matters dehors the record. Incidentally, the applicant claimed in oral argument that the appellant's brief contained unjustified innuendo. There is some basis for both claims. As to both, it suffices to say that this court is not interested in innuendo as distinguished from legitimate argument, nor will it regard facts set up in the brief but not contained in the record. To clear the record, the motion is denied.

The facts, detailed at some length above, show that the applicant is fully qualified by character and education for admission to the bar without examination. He

has also practiced extensively in the federal courts. Indeed, this is not disputed by the appellant. Few young lawyers could improve on his record in these respects. The only claim that has been or can be made is that the applicant has not actually practiced for at least ten years in the highest court of original jurisdiction in South Dakota within the meaning of the rules of court for the admission of attorneys to practice in Connecticut. General Statutes, § 5343, as amended by Cum. Sup. 1935, § 1627c, provides that "The superior court may admit and cause to be sworn as attorneys such persons as are qualified therefor, agreeably to the rules established by the judges of said court . . . and said judges may establish rules relative to the admission, qualifications, practice and removal of attorneys." Such rules have the force of statute. The relevant portion of the rules of court, Practice Book §§ 8, 9, are printed in the footnote.[2]

---

[2] Sec. 8. ADMISSION OF ATTORNEYS OF OTHER STATES WITHOUT EXAMINATION. Any member of the bar of another state in which the standard of admission was, at the time of his admission to the bar of that state, substantially equivalent to the standard in effect in this state at the time of his application for admission to the bar of this state, or whose educational qualifications are such as would entitle him to take the examination in this state at the time of his application for admission to the bar of this state, who (1) shall have actually practiced for at least five years in the highest court of original jurisdiction in such state and is in good standing (provided, if he shall have taken the bar examinations of this state and failed to pass them, he shall have actually practiced for at least ten years in such court and is in good standing) . . . may be admitted by the court as an attorney without examination. . . .

Sec. 9. COUNTY COMMITTEES ON RECOMMENDATIONS. There shall be in each county a standing committee on recommendations for admission, consisting of not less than three nor more than five members of the bar of that county, who shall be appointed by the judges of the Superior Court at their annual meeting to hold office for three years from the date of their appointment and until their successors are appointed. Appointments to fill vacancies may be made by the chief justice until the next annual meeting.

All applications for admission to the bar shall be referred to the

"Attempts to define the practice of law have not been particularly successful. The reason for this is the broad field covered. The more practical approach is to consider each state of facts and determine whether it falls within the fair intendment of the term." *Grievance Committee* v. *Payne,* 128 Conn. 325, 329, 22 Atl. (2d) 623. Practice of law is not confined to practice in court. Id. at 330; *Eley* v. *Miller,* 7 Ind. App. 529, 535, 34 N. E. 836. There may be some question whether the experience of the applicant as director of the National Youth Administration for Connecticut was practice of law but, since his application states that his work was "administrative—legal," it is assumed for the purposes of this opinion that the trial court could reasonably resolve this in favor of the applicant. The issue is thus further narrowed and may be stated as follows: Could the trial court reasonably conclude upon the record before it that the applicant's practice of law constituted actual practice of law in the highest court of original jurisdiction in South Dakota for ten years? The difficulty of the applicant stems from the fact that he did not, so far as appears, try any cases in that court, did not maintain an office in South Dakota and lived there for not more than one out of the ten years. The most than can be said is that he was admitted there to the integrated bar, that he has since been carried on its rolls as an active member and that soon after his admission he entered the federal service where he has practiced law ever since as stated in his application, quoted above.

There is no finding in this case (see *In re Summers,*

committee of the county where the application is filed, which shall investigate the general fitness of each applicant and report to the bar of the county whether he has complied with the rules relating to admission to the bar, is a person of good character and should be admitted.

325 U. S. 561, 65 Sup. Ct. 1307) but the memorandum of the trial court may be consulted to determine the basis of its decision. *Duggan* v. *Byrolly Transportation Co.,* 121 Conn. 372, 375, 185 Atl. 85. From this it appears that the judgment for the applicant was based on the ground that the findings of the favorable report of the standing committee on recommendations for admission to the bar should stand because they were "not attacked as irregular, unfair, or the result of prejudice or ill will, nor of conspiracy (*Higgins* v. *Hartford County Bar Association,* 111 Conn. 47) nor as being arbitrary or unreasonable or an abuse of their discretionary powers (*Blaney* v. *Standing Committee,* 129 Conn. 51, 54)," and that in any event the practice of the applicant was actual practice in the courts of South Dakota under the circumstances.

Practice Book, § 9, provides that the committee on recommendations shall report whether the candidate "has complied with the rules relating to admission to the bar, is a person of good character and should be admitted." Its report in this case failed to state that the applicant had "complied with the rules." Assuming, as claimed by the applicant in oral argument, that the report was in the usual form, the fact remains that it was defective in this vital respect. The trial court was in error in stating that the report was made in accordance with § 9.

The cases cited in the memorandum of decision, to which *Rosenthal* v. *State Bar Examining Committee,* 116 Conn. 409, 165 Atl. 211, and the leading case, *O'Brien's Petition,* 79 Conn. 46, 63 Atl. 777, might be added, set forth the important part the bar, the standing committees on recommendations and the bar examining committee have in permitting only fully qualified candidates to be admitted. An excellent example

of this is to be found in *O'Brien's Petition,* supra, in which the action of the Superior Court in refusing to hear evidence as to the petitioner's qualifications was approved on the ground that the court would not go behind the report if the bar or its committee had acted fairly, reasonably and without prejudice. It is true that the *O'Brien* case was not concerned with admission without examination, but the principle referred to was reaffirmed in *Higgins* v. *Hartford County Bar Association,* supra, 49.

There are, however, limits to this doctrine. Among the qualifications of an attorney are citizenship in the United States and an age of at least twenty-one years. If a committee recommended a candidate and it later appeared that he was but nineteen years of age and not a citizen, the court could certainly go behind the report and ascertain these facts. When a court decided that an attorney should not be disbarred because of conviction of crime, its conclusion was reversed on the facts found. *Grievance Committee* v. *Broder,* 112 Conn. 269, 152 Atl. 292; see also *Vernon County Bar Association* v. *McKibbin,* 153 Wis. 350, 141 N. W. 283, and *In re Ryzek,* 70 Cal. App. 23, 232 Pac. 473. In the last case cited the report of the bar examiners was reversed on an issue of law. It follows that the rule that the report of the committee and the action of the bar thereon should stand in the absence of prejudice or the like must be modified by adding that specific, concrete requirements must be met in any event.

The bar and the committees doubtless have a wide discretion over such qualifications as character and professional competence. *O'Brien's Petition,* supra. They have none over such things as residence, age and graduation from approved schools. *Matter of Lerch,* 280 N. Y. 74, 76, 19 N. E. (2d) 788. The requirement

that the applicant shall have actually practiced for ten years in the highest court of original jurisdiction of South Dakota belongs in the latter category. This is a specific, concrete condition precedent to the admission of the applicant without examination. That which is not so on the facts set forth by the applicant himself in his application cannot be made so by the report of the committee, the approval of the bar or the judgment of the court. From the application, it nowhere appears that he ever practiced in South Dakota, to say nothing of having actually practiced there for ten years. Assuming without deciding that his practice in various federal courts in many states, although not in South Dakota, could be called actual practice in that state because of the close relationship of the state and federal judicial systems (*Lapinski* v. *Copacino,* 131 Conn. 119, 125, 38 Atl. (2d) 592), his employment for four of the ten years by federal agencies, even though the work may have been of a legal character, cannot be regarded as actual practice of law in South Dakota. The same result is reached whether a strict, reasonable or liberal construction is adopted.

Many cases are cited in the briefs from our own and other states which discuss the general principles which govern admission to the bar. All briefs rely on *Matter of Lerch,* supra. That case held (p. 75) that "The period of five years, during which the applicant must have practiced in another State, assumes that he also resided there during that time." It also contained the following statement (p. 76): "Where the peculiar facts of a case show beyond doubt that it comes within the meaning and purpose of our rules, but lacks strict compliance, this court has at times ordered the applicant's admission or examination. For instance, if within the five-year period the lawyer was employed in legal

capacity by the Federal Government away from home, his temporary absence from his State might not count against him." The observation was obiter and related to residence rather than to practice. No case has been found exactly in point. Of those cited in the briefs, the following furnish some support for the holding in this opinion: *Matter of Rotolo*, 247 App. Div. 724, 285 N. Y. S. 274; *Matter of Rosenbloom*, 274 App. Div. 725, 285 N. Y. S. 275; *Edmonds* v. *Webb*, 182 Md. 60, 32 Atl. (2d) 702; *In re Scott*, 70 Cal. App. 716, 234 Pac. 128; *In re Pierce*, 189 Wis. 441, 452, 207 N. W. 966; *Henderson* v. *State Bar*, 219 Cal. 696, 28 Pac. (2d) 915.

Great stress is laid by the applicant on the magnitude, variety and extent of his work as special assistant to the attorney general of the United States. No attempt is made here or by the appellant to minimize its importance. On the contrary, it appears to have been excellent in quality as well as extensive in quantity. Both his brief and that of the Federal Bar Association sustaining his contentions are barren of any reference to the first four years of his practice. The case comes down to this: Unless the report of the committee, approved by the bar, is conclusive, the action of the trial court in admitting the applicant cannot be sustained. For the reasons stated, it is not conclusive. An applicant for admission to the bar, however well fitted, may not be admitted solely on the approval of the committee. He may be admitted by the Superior Court only when qualified in accordance with the rules established by the judges of that court. The applicant is not entitled to admission on his present application. He is not remediless. He can take the examination; *Edmonds* v. *Webb*, supra.

There is error, the judgment is set aside and the case

is remanded to the Superior Court with direction to grant the motion of the appellant.

In this opinion the other judges concurred.