ELMER W. BEASLEY'S APPLICATION FOR ADMISSION TO THE BAR

SUPERIOR COURT        HARTFORD COUNTY·        FILE No. 83845

Memorandum filed February 9, 1949.

*Joseph F. Berry*, of Hartford, for the Plaintiff.

*W. A. Countryman, Jr.*, of Hartford, for the Hartford Bar Association.

ALCORN, J. The applicant seeks admission to the bar without examination. The Hartford County committee on recommendations for admission has found him qualified in all respects except that the committee concludes that he has not "actually practiced law for at least five years in the highest court of original jurisdiction in one or more states, or in one or more of the district courts of the United States . . . ." Practice Book, § 8 (1). For that reason only, the committee made its report recommending that the application for admission be not approved, and submitted its report to a meeting of the Hartford County bar, which has approved it.

Thereupon the applicant made the present motion for reasons which may be condensed to the proposition that he is qualified, under the rule quoted, to be admitted without examination, and that in deciding to the contrary the committee abused its powers

and reached an erroneous conclusion because of an unfair appraisal of the evidence and an unreasonable interpretation of the rule.

It has been the history of our procedure on admission to the bar to vest a large measure of responsibility in the committee on recommendations. *O'Brien's Petition,* 79 Conn. 46. The requirement in issue in this case, however, "is a specific, concrete condition precedent to the admission of the applicant without examination," over which the committee has no discretion. *In re Application of Dodd,* 132 Conn. 237, 245. The question presented, then, is whether or not the facts advanced by the applicant disclose that he has satisfied the requirement of the rule. If not, then he cannot be admitted.

There is no dispute over the essential facts. The applicant was born in Tennessee on February 17, 1904, and lived in that state until June, 1930. In March, 1930, he was admitted to the Tennessee bar while a student at law school. In June, 1930, he graduated from the University of Tennessee Law School, secured a position in the legal department of the Aetna Casualty and Surety Company and moved to Connecticut. He has lived in Connecticut continuously since June, 1930, and during that period has had full time employment as an attorney in the home office of the company in Hartford.

After his admission to the Tennessee bar and before coming to Connecticut, he searched a title and drew two deeds. He has never maintained a law office in Tennessee, has never made himself generally available to clients there, and, since 1930, has taken part in only a half dozen transactions there which could be considered law practice for clients other than his employer.

Since 1930 he has visited Tennessee several times in connection with legal problems of his employer, either participating with local attorneys, negotiating, or, in one instance, personally trying a case in court.

In 1930 he was admitted to practice before the United States District Court for the Eastern District of Tennessee, and since then has prepared papers in various United States District Court cases elsewhere. This activity has been conducted from his employer's home office without actual appearance by the applicant in court. He has also had various parts in cases in several state courts other than Tennessee.

He is not a member of any bar association.

The fact seems inescapable that the applicant's role has been to assist in carrying on the routine legal work, from Connecticut, of a corporation having a nationwide business. He was described in argument as a lawyer with one client, but it would be more accurate to designate him as a corporate employee doing work of a legal nature. To consider him a "home office lawyer" as that term is sometimes used would pose the question whether the activity in which he has been engaged during the period in question was not in fact practicing law in Connecticut.

Having lived and worked in Connecticut over eighteen years he nevertheless contends that because his employer's work took him to Tennessee upon occasion he has been in "actual practice" there for at least five years. That is not a reasonable construction of our rule. See *In re Lerch*, 280 N. Y. 74. To hold otherwise would open the door to abuses, permit easy evasion of the requirement of a bar examination in Connecticut and do away with the rule's purpose to secure a test of legal ability by demonstrated merit at the bar of other courts.

The motion is denied.