In the Matter of PETER L. SMITH.— The petitioner, presently a student at Syracuse University College of Law, has requested the Committee on Character and Fitness in the Second Judicial Department to make a preliminary determination of his character and fitness for admission to the Bar. Such determination is sought by reason of a specified incident in the petitioner's personal history. The Character Committee has investigated petitioner and has declared that in its opinion the incident in question would not be a bar to his admission to the Bar. We find that, in and of itself, the incident would not adversely affect petitioner's character and fitness for admission to the Bar and would not preclude such admission. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.

In the Matter of KARL E. LACHMANN, Petitioner.— Application for admission to the Bar without examination pursuant to rule VII of the Rules of the Court of Appeals for Admission of Attorneys and Counselors at Law. Application denied. Applicant states that he was a permanent resident of the State of Virginia from November, 1938 to September, 1940, a permanent resident of the District of Columbia between September 1940 and June 1947 and a permanent resident of this State from June 1947 to "the present". He was admitted to practice in the Circuit Court of Arlington County, Virginia, on May 11, 1940, but was not admitted to practice in the highest law court of Virginia until December 1, 1941. He was a member of a Virginia law firm from June 1, 1940 to June 16, 1943. He was admitted to practice in the highest law court of the District of Columbia on April 20, 1945. Paragraph b of subdivision VII-1 of Rule VII of the Rules of the Court of Appeals for Admission of Attorneys and Counselors at Law requires a combination of residence and practice, in another State or in the District of Columbia, for at least five years. In our opinion, the only combination of residence and practice which may be counted under the rule is in the District of Columbia between April 20, 1945 and June 1947. Even if we were to assume (contrary to applicant's statement in the application) that applicant's residence in the District of Columbia was only temporary, for the purpose of employment with the Federal Government, and that his permanent residence remained in Virginia up to June 16, 1943, when he stopped practicing law in that State (cf. *Matter of Lerch*, 280 N. Y. 74), the only additional combination of residence and practice in Virginia which may be counted under the rule is from December 1, 1941 to June 16, 1943, a period of one year and seven months. The total combined period of residence and practice in Virginia and in the District of Columbia which may be considered is less than five years. Therefore, although applicant meets the requirements of character and fitness, he does not meet the requirements of paragraph b of subdivision VII-1 of Rule VII. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.