In the Matter of Louis M. Waller for Admission to the Bar.

Fourth Department, April 6, 1967.

*Per Curiam.* Applicant was admitted to the Bar of the Commonwealth of Kentucky on April 15, 1957. He seeks admission to the Bar of this State pursuant to rule VII of the Rules of the Court of Appeals for the admission of attorneys. The rule, so far as pertinent, provides that " In its discretion the Appellate Division may admit to the Bar and license to practice without examination a person who, (a) has been admitted to practice in the highest law court in any other state  *  *  *  and (b) while residing in such other state  *  *  *  has actually practiced for a period of at least five years in its highest law court or highest court of original jurisdiction ".

It appears that applicant resided in the State of Ohio from April, 1957 to November, 1961 where he was employed as an attorney by a Federal agency. From November 20, 1961 to May 20, 1965 he resided in Kentucky and since the latter date in this State. Since 1961 he has been employed by General Electric Company. It thus appears that his total period of residence in Kentucky after his admission to the Bar thereof has been three years and five months. It follows that he fails to meet the minimum requirements of the quoted rule.

Applicant contends, however, that he may " tack on " to this three years' plus period certain additional time, when he resided in Ohio, but was present in Kentucky " working on Kentucky cases for the government ". To sustain this contention applicant directs attention to a statement by way of dictum in *Matter of Lerch* (280 N. Y. 74, 76). His reliance thereon is misplaced as shown by the decision of the same court in *Matter of Harvey* (309 N. Y. 46, 48) where it was said: " At the time *Matter of Lerch* (*supra*) was decided (and until June 15, 1955) our rule II contained no requirement of *residence* in the foreign State in which a petitioner claimed five years of practice. But the *Lerch* decision wrote that condition into the rule, and our new rule VII-1 includes it in terms."

292

Applicant has failed to establish that while residing in Kentucky he has actually practiced law therein for at least five years. The application should be denied.

WILLIAMS, P. J., BASTOW, GOLDMAN, HENRY and MARSH, JJ., concur.

Application unanimously denied.