## In re Application of Verne Freeman Slade for Admission to the Bar

House, C. J., Loiselle, Bogdanski, Longo and Barber, Js.

Submitted on briefs October 14—decision released December 2, 1975

*Verne Freeman Slade,* on the brief, pro se, the appellant.

*Irwin D. Mittelman,* on the brief, for the appellee (standing committee for Middlesex County on recommendations for admission to the bar).

House, C. J.  This matter came to this court as an appeal from a judgment of the Superior Court in Middlesex County denying the petitioner's application for admission to the bar without examination. A brief recital of the pertinent facts is necessary to place the decisive issue in context.  The applicant had been admitted to practice in Wisconsin in 1936. Although that is the only bar-admission found by the trial court, the applicant's petition for admission to the Connecticut bar and her draft finding both recite that she also, after examination in each instance, was admitted to practice in Massachusetts in 1940 and in California in 1942.  Despite the lack of a specific finding as requested by the applicant, the fact that she was in fact admitted to practice in California is implicit in the court's finding.  The applicant became an actual resident of Connecticut on May 14, 1973, and having received a certificate of educational qualifications from the Connecticut bar examining committee pursuant to the provisions of § 13 of the Practice Book, she in April, 1974, filed her application for admission as an attorney on motion and without examination, pursuant to the further provisions of § 13.  Pursuant to § 14 of the Practice Book, her application was referred to the Middlesex County standing committee on recommendations for admission of attorneys, which investigated her qualifications and informed her that it had decided not to recommend her admission without examination, stating: "In the opinion of the Committee, there is not sufficient proof of actual practice before the highest court of original jurisdiction in the state in which you were admitted to practice."  As provided by § 14 of the Practice Book, the report of the standing committee was presented to a meeting of the bar of Middlesex County.

At this meeting, the chairman of the standing committee rendered an oral report of his committee's investigation and stated that its decision to recommend denial of the applicant's application was predicated on the ground that the applicant had not had "sufficient active practice in the State of California for the five years immediately preceding the date of her application." He also reported to the meeting of the bar that in all other respects (including, specifically, education credentials and good moral character) the applicant had complied with the requirements of § 13 of the Practice Book. The members of the bar voted to approve the committee's recommendation that the application be denied. Despite this action, the applicant filed in the Superior Court for Middlesex County a petition for a decree granting her a temporary license to practice for one year. Parenthetically, we note that pursuant to the provisions of § 14 of the Practice Book, in all cases where application is made for admission to the bar on motion, no permanent license is granted except upon further petition at the expiration of a one-year temporary license.

The decisive issue before the court was whether the applicant met the requirement of § 13 (2) of the Practice Book that for admission without examination she "has actually practiced law in the highest court of original jurisdiction in one or more states, the District of Columbia or the Commonwealth of Puerto Rico, or in one or more district courts of the United States, for at least five years immediately preceding the date" of her application. It is not disputed that the applicant met all the other requirements for admission on motion as specified in § 13. The court found that the extent of the applicant's practice as counsel in cases or

proceedings before the California court of original highest jurisdiction during the prescribed period was limited to three cases itemized in its finding and that her "actual practice" in that court was limited to these cases. It noted that § 13 of the Practice Book does not prescribe the frequency and extent of the actual practice in court which is required for compliance with the rule and concluded that the determination as to whether the applicant met the practice requirements of § 13 "is a matter properly within the jurisdiction and/or discretion of the County Standing Committee," that "the applicant's court experience worthy of consideration does not serve as a sufficient crucible for testing her competence and experience," that the standing committee has "a wide discretion over such qualifications as professional competence," and that the committee was not guilty of an abuse of its discretionary powers and was not shown to have acted unfairly and unreasonably. The court accordingly denied the petitioner's application.

The dispositive question on this appeal, therefore, is the meaning, in its application to the applicant, of the phrase "actually practiced law for at least five years in the highest court of original jurisdiction in one or more states." The same question was raised in this court in *In re Application of Plantamura,* 149 Conn. 111, 176 A.2d 61, cert. denied, 369 U.S. 872, 82 S. Ct. 1141, 8 L. Ed. 2d 275. In that case, however, the applicant, who had practiced patent law, admitted that he had in fact not practiced law in any of the specified courts and this court refused (p. 114) to construe "been authorized to practice" as the equivalent of "actually practiced." The court also noted (p. 115) that because of that circumstance it was unnecessary in that case

to discuss the applicant's contention that the requirement is ambiguous since it is not clear "with what frequency and to what extent actual practice in court is required in order to comply with the rule." The court observed (p. 115) that "[w]e are spared the necessity of determining this question, since in this case the applicant admittedly has not appeared in court . . . before any . . . highest court of original jurisdiction."

We are no longer spared the necessity of determining this question. After full consideration, we conclude that since the only standard prescribed by the rule is that the applicant shall have "actually practiced," with no specification as to frequency, extent, type of litigation or its outcome, or suggestion of any guidelines or standard by which the standing committee might determine the competency of the applicant's conduct of the litigation in which he appeared, if indeed the establishment of such a test were possible or desirable, the test is a simple one of fact, involving no discretion. As this court observed in *In re Application of Dodd,* 132 Conn. 237, 244, 43 A.2d 224 (where the question was whether the applicant had actually practiced for ten years): "The bar and the committees doubtless have a wide discretion over such qualifications as character and professional competence. *O'Brien's Petition,* [79 Conn. 46, 57, 63 A. 777]. They have none over such things as residence, age and graduation from approved schools. *Matter of Lerch,* 280 N.Y. 74, 76, 19 N.E.2d 788. The requirement that the applicant shall have actually practiced for ten years in the highest court of original jurisdiction of South Dakota belongs in the latter category. This is a specific, concrete condition precedent to the admission of the applicant without examina-

tion." The basic distinction is between the fact of being authorized to practice and the fact of having exercised that authority by engaging in actual practice. *In re Application of Plantamura*, supra, 114.

We conclude, accordingly, that the trial court correctly concluded that the determination as to whether the applicant met the practice requirements of § 13 of the Practice Book was a matter properly within the jurisdiction of the county standing committee on recommendations for admissions but that it erred in the further conclusion that it was also a matter properly within the committee's discretion. Rather than being a matter properly within its discretion, actual practice—"a specific, concrete condition precedent to the admission of the applicant without examination"—was a question of fact. *In re Application of Dodd*, supra, 245.

Since it clearly appears from the record that the applicant fully met all of the other requirements for admission without examination and that she had "actually practiced" for the requisite time in the highest court of original jurisdiction in California; she was entitled to have her application granted.

There is error, the judgment is set aside and the matter is remanded with direction to grant the applicant's petition for a temporary license to practice law for one year in accordance with the provisions of § 14 of the Practice Book.

In this opinion the other judges concurred.