*Southern District*

No. 77

**LEO CYR**, et al

v.

**JOHN S. FARIAS**

Argued: March 21, 1974 - Decided: July 1, 1974

*Present:* Murphy, P.J., Prince, Tamkin, JJ.
Case tried to *Silva, J.* in the Second District
 Court of Bristol, No. 38240.

**Murphy, P.J.** This is an action of tort to
recover for personal injuries, including pain
and suffering, suffered in an accident which
occurred on June 11, 1972, on Route 6, a public

highway, in Westport, Massachusetts. The declaration was in four counts. Count one was for personal injuries suffered by Leo Cyr, the operator; Count two was for property damage to the auto of Leo Cyr, which count was waived at the time of the trial; Count three was for personal injuries to Lorraine Cyr, a passenger in the auto driven by her husband; and Count four was for consequential damages allegedly suffered by the plaintiff, Leo Cyr. The answer is a general denial, an allegation of contributory negligence and that the negligence of the plaintiffs comparatively exceeded the negligence of the defendant and further:

". . . the defendant says that he is exempt from tort liability for damages to the extent that the plaintiffs are or would be except for deductible, entitled to recover personal injury protection benefits."

". . . the defendant says that the injury, sickness or disease alleged and expenses incurred in the treatment thereof are not such as to permit the plaintiff to recover damages for pain and suffering."

The court found for the plaintiff in the sum of $3,957 on count one; Count two was waived; $1,800 on count three and $115 on count four.

**At the trial there was evidence tending to show that** the plaintiff and his wife are residents of Tiverton in the State of Rhode Island; that on June 11, 1972, they were travelling in a westerly direction on Route 6, a

public highway in the Town of Westport, Massachusetts; that they were in the left lane preparing to make a left turn at the intersection of Sanford Road; that they were struck in the rear by a motor vehicle operated by the defendant; that as a result of said accident, they received personal injuries and were treated by a physician whose bill for services amounted to $135 for Leo Cyr and $115 for Lorraine Cyr; that the plaintiff, Leo Cyr, suffered an injury to the cervical spine which impaired the motion of his neck and required the use of a cervical collar and a contusion to the left arm; the period of his total disability ran from the date of the accident to July 5, 1972 and this was followed by a period of five weeks partial disability; his lost earnings amounted to $822; Lorraine Cyr suffered bruises of the right elbow and the back of both legs, in addition to traumatic neurosis; she was totally disabled from the date of the accident to July 10, 1972 and suffered wage loss in the amount of $300. It was agreed that the defendant was the operator and that he had in force a Massachusetts personal injury protection policy of the type known as "no-fault" issued by the Aetna Casualty Insurance Company.

At the close of the evidence and before the final arguments, the defendant made nine requests for rulings. We only concern ourselves with numbers 1, 3 and 4 which read as follows:

"1. The accident for which the plaintiffs seek to recover damages for personal injuries

occurred on June 11, 1972, in Massachusetts and the provisions of the General Laws, Chapter 231, Section 6D and Chapter 90, Section 34M apply.

3. The plaintiff, Leo Cyr, cannot recover for pain and suffering as a result of the accident in this case on the basis that he has failed to prove that his damages or injuries fall within the exceptions, so called, of Section 6D of Chapter 231 of the General Laws.

4. The plaintiff, Lorraine Cyr, cannot recover for pain and suffering as a result of the accident in this case on the basis that she has failed to prove that her damages or injuries fall with [in] the exceptions, so called, of Section 6D of Chapter 231 of the General Laws.''

The court denied defendant's requests for rulings numbers 1, 3 and 4.

The plaintiffs at the close of the evidence and before final arguments made the following requests for rulings:

''1. The defendant, John S. Farias, a Massachusetts motorist whose vehicle is registered and insured in the Commonwealth, is not exempt under General Laws Chapter 90, Section 34 from any tort suit for personal injuries brought by a Rhode Island motorist and passenger and based upon an accident occurring in Massachusetts because the plaintiffs were not insureds under the personal injury statute and therefore not entitled to no-fault benefits.

2. The plaintiffs, who are a Rhode Island motorist and passenger travelling in a Rhode Island registered vehicle on a public way in the Commonwealth and who were injured by a Massachusetts registered motorist who is an insured under General Laws, Chapter 90, Section 34M, can bring suit for pain and suffering which is not barred by Chapter 231, Section 6D because the legislative intent of Statute 1970, Chapter 670 (of which both Chapter 90, Section 34M and Chapter 231, Section 6D were integral parts) was that both these sections were to be read together as part of the same legislative scheme and not as separate and distinct statutes.''

The court allowed the plaintiff's requests for rulings.

The court made the following findings of fact:

"I find that the plaintiff operator and his wife (plaintiff passenger) were injured in an accident which was caused solely by the negligence of the defendant; that the plaintiffs are non-residents; that the accident occurred on Route 6, a public way in Westport, Massachusetts, on June 11, 1972; that the plaintiffs as residents of Rhode Island, are outside the coverage afforded by Chapter 670 of the Acts of 1970 and therefore Section 6D of Chapter 231 does not apply. The damages awarded each plaintiff includes damages for pain and suffering.''

The report states that it contains all the evidence material to the question reported.

The trial court being of the opinion that his findings involve questions of law which should be determined by the Appellate Division, reported the same for determination in accordance with G.L. c. 231, § 108.

This report is properly before us under G.L. c. 231, § 108. *Santosuosso* v. *Russo,* 300 Mass. 247. *Bartley* v. *Phillips,* 317 Mass. 35.

In reporting the case, the trial justice made special findings of fact and acted on all requests for rulings filed by both parties.

The reported evidence amply covers all the necessary facts involved.

The question of law is whether or not the plaintiff is subject to G.L. c. 231, § 6D of the so-called ''no-fault'' insurance law or is he, as the judge found, ''outside the coverage afforded by St. 1970, c. 670 and therefore § 6D of Chapter 231 does not apply.''

Although the present §§ 34A and 34M of Chapter 90 and § 6D of Chapter 231, were enacted under St. 1970, c. 670, there is no express provision in Chapter 231, § 6D relating actions brought to recover damages for pain and suffering to the status of an injured party as an insured under Chapter 90, § 34A. The statutory language reads in part:

> ''In any action of tort brought as a result of bodily injury, sickness or di-

sease, arising out of the ownership, operating, maintenance or use of a motor vehicle within this commonwealth by the defendant, a plaintiff may recover damages for pain and suffering only if the criteria set forth in Section 6D are complied with.''

This language is clear and unequivocal.

 It is a cardinal rule of statutory interpretation that ''no intent can be read into a statute which is not there, either in plain words or by fair implication, and words used cannot be stretched beyond their reasonable import to accomplish a result not expressed.'' In re *Bergeron, Petitioner,* 220 Mass. 472, 475.

That the relation suggested by the plaintiff is not contained in plain words in Section 6D, Chapter 231 is patently clear. Furthermore, even assuming the relationship existed by ''fair implication,'' this would be an anomalous situation wherein the Legislature has conferred upon non-residents a right of action which it has denied to its own citizens.

 The plaintiff in his brief attempts to read into § 6D a distinction in the application of that Section to ''insured'' and ''uninsured'' plaintiffs but we fail to see any such distinction.

 Statutory interpretation imposes a duty on the courts to ascertain legislative intent, not only from language used, but with

regard to the evil to be remedied and the object to be accomplished by enactment. *New York Central Railroad Company* v. *New England Merchants National Bank of Boston,* 344 Mass. 709.

In considering the constitutional implications of the "no-fault" statute, the Supreme Judicial Court recognized, in discussing the limitation placed on actions for pain and suffering, that, "the objective criteria the legislature chose are rationally related to their purpose of omitting minor claims for pain and suffering." *Pinnick* v. *Cleary,* 1971 Adv. Sheets 1154.

With this judicial fiat before us, the observation of the Supreme Judicial Court as to the legislative objective is compelling.

In the instant case, the plaintiffs are not denied any right of action, they are merely required to conform to the same rule, or the same requirement in the statute applied equally to Massachusetts residents and non-residents alike. *Singer* v. *New England Container Corp.,* 30 Mass. App. Dec. 136.

The plaintiff contends that the *Singer* case, cited supra, can be distinguished from the instant case on the ground that the plaintiff in that case could still sue the defendant who was not exempt from tort liability and thereby could have "double recovery" and "this would compensate for the inability to bring a suit for pain and suffering." We disagree. Suffice

it to say, that Chapter 90, § 34M, far from allowing double recovery, allows an insurer to defer "no-fault" payments to an insured *who initiates a tort action* until a judgment has been rendered and then any personal injury protection benefits are reduced by an amount equal to the tort recovery. There perhaps exists some confusion over this provision, and the entitlement to collateral recovery, but these issues are not before us in this case.

We are constrained to·rule that the plaintiffs are subject to the provisions of G.L. c. 231, § 6D, and since they do not come within any of the exceptions contained therein, there can be no recovery for pain and suffering in this case.

Defendant's requests numbers 1, 3 and 4 should have been allowed and their allowance is decisive of the case on the question of recovery for pain and suffering.

The finding on count one is to be vacated and judgment is to be entered for the plaintiff on that count in the amount of $957.00.

The finding on count three is to be vacated and judgment is to be entered for the plaintiff on that count in the amount of $300.00.

The finding on count four is to stand.

**So ordered.**