*Southern District*

# N. 118

# HIGHWAY LEASING COMPANY, INC.
## v.
# LAWRENCE M. NADZEIKA

Argued: Jan. 21, 1976. Decided: May 6, 1976.

Case tried in District Court of Northern Norfolk. Number: R 2875.

Present: Lee, P.J.; Tamkin, Hurd, J.J.

**Lee, P.J.** This is an action of contract to recover sums alleged to be due under a written lease dated March 30, 1973 by which the defendant hired from the plaintiff a 1973 Mercedes 450 SE 4 door sedan. The answer of the defendant was a general denial, payment, the statute of limitations and accord and satisfaction.

The court found for the plaintiff in the sum of $5,984.77 with interest from June 24, 1974.

*At the trial there was evidence tending to show that:*
On March 30, 1973 a written lease and amendment

thereto were executed between the plaintiff and the defendant in regard to the lease of a certain motor vehicle. The vehicle was leased to him for his personal use. The defendant took possession of the vehicle the same day and made the monthly payments due for June, July, August and September 1973 in the sums of $297.00 each plus sales tax of $11.88 for a total monthly payment of $308.88. The defendant supplied insurance coverage in which the plaintiff was named as loss payee. The plaintiff did not receive the October 1973 payment and in the middle of October received a call from the defendant in Florida advising that the car had been in an accident and was at the Marlin Garage in Ft. Lauderdale with the front end badly damaged. Thereafter no communication was received from the defendant for several months and the plaintiff was unable to reach him in Hull, Massachusetts or in Florida. On November 30, 1973 the plaintiff's attorney sent a notice of default to the defendant in Hull, Massachusetts and in Florida, but never received any response. In March 1974 the defendant contacted the plaintiff and said he was going to send a list of things to be done to the auto and would contact the plaintiff later to try to work something out. The plaintiff received the list and that was the last time it heard from the defendant. Repairs to the car were completed in Florida on May 4, 1974 at a total cost of $3,519.05. The delay was due to the unavailability of parts. The insurance proceeds were in the amount of $3306.00, resulting in a loss of $213.05. In addition the plaintiff incurred expenses of $200.00 in sending a man to Florida to repossess the car. The plaintiff received three or four bids for the car and the top bid was $7000.00 from Foxboro Motor Sales to whom the plaintiff sold the car on June 24, 1974 for $7000.00. At the time of the sale the defendant was in default in payments under the lease for seven months and eleven days for a total of $2,271.72. The value of the car in March 1973 was $13,500.00. At the time of its sale to Fox-

boro Motor Sales on June 24, 1974 its value was $10,300.00, computed by using a depreciation factor of $250.00 per month for a period of twelve months and twenty-four days. The plaintiff sustained total damages of $5,984.77 calculated as follows:

Loss on sale of vehicle:

|  |  |
|---|---|
| Value at time of sale | $10,300.00 |
| Sales price | 7,000.00 |
| Loss . | 3,300.00 |
| Arrearage in payments on lease | 2,271.72 |
| Repossession expense | 200.00 |
| Loss on repairs to vehicle | 213.05 |
|  | $5,984.77 |

No affidavit was filed on the return day of this action signed by the plaintiff or Foxboro Motor Sales stating the price at which the vehicle was sold and the date and place of sale.

The defendant made the following requests for rulings:

1. A contract for the leasing of a motor vehicle under which the lessee contracts to pay as compensation for its use a sum substantially equivalent to its value and by which it is agreed that the lessee has the option of becoming the owner of the vehicle upon full compliance with the terms of the contract render such a contract a "Retail Installment Contract" subject to the provisions of G.L.c. 255B. See: G.L.c. 255B, §1.

2. The rental contract between the plaintiff and the defendant dated March 30, 1973 is a "Retail Installment Contract" within the meaning of G.L.c. 255B, §1.

3. The defendant under the provisions of G.L.c. 255B, §1 was a "Retail Buyer" under the rental contract with the plaintiff dated March 30, 1973.

**4.** G.L.c. 255B, §20A, as in force and effect on March 30, 1973, is applicable to and governs the rights of the parties to this action.

**5.** Under the provisions of G.L.c. 255B, §20A (d) (2), as in force in effect on March 30, 1973, a buyer of a motor vehicle which was repossessed would not be liable in a [action] for a deficiency unless the holder of the retail installment contract on the return day of the action filed an affidavit stating the price for which the vehicle was sold and the date and place of sale.

**6.** The plaintiff in this action is in violation of the provisions of G.L.c. 255B, §20A (d) (2), as in force and effect on March 20, 1973 and is not entitled to recover.

**7.** The evidence does not warrant a finding for the plaintiff.

**8.** The evidence requires a finding for the defendant.

The court took the following action on the defendant's requests for rulings:
1. Granted as a correct statement of law.
2. Denied.
3. Denied.
4. Denied
5. Inapplicable. See No. 4.
6. Inapplicable. See No. 4.
7. Denied.
8. Denied.

The court further made findings as follows:

I find and rule that General Laws, c. 255B, is not applicable to this lease transaction. I find that the lease agreement entered into by and between the plaintiff and the defendant was not a "retail installment contract," as defined in section 1 of said chapter; that the defendant lessee did not contract to pay as compensation for the use of the motor vehicle a sum sub-

stantially equivalent to or in excess of its value; and that by the lease agreement it was not agreed that the defendant lessee was bound to become, or had the option of becoming, the owner of the motor vehicle upon full compliance with the terms thereof. I find that the plaintiff was not a "retail seller" and that the defendant was not a "retail buyer", as these terms are defined in section 1 of said chapter.

The defendant claims to be aggrieved by the denial of his requests numbered 2, 3, 4, 7 and 8, and the ruling that requests numbered 5 and 6 were inapplicable.

The issues in this case are whether the lease dated March 30, 1973 was a "retail installment contract" and subject to the provisions of Chapter 255B, Massachusetts General Laws, and therefore the controlling factor in this case; or whether the case is governed solely by the terms as set out in the contract itself.

We address ourselves first to the defendant's contention that this lease agreement complies with the provisions of G.L.c. 255B, and should be interpreted accordingly.

The defendant's position is not tenable as to this lease agreement being a "retail installment contract" between the parties inasmuch as it clearly spells out that the defendant had the option and was required to purchase the motor vehicle *only if and when he failed* to perform any of the covenants, conditions, provisions or terms of the leasing agreement whereas §1 of G.L.c. 255B, states that the lessee had the option of becoming the *owner of the motor vehicle upon full "compliance" with the terms of said contract.* (Emphasis supplied).

The lessee, likewise, did not agree to pay as compensation for the use of the motor vehicle a sum substantially equivalent to or in excess of its value as set out also in G.L.c. 255B, §1, ¶10.

It follows, therefore, that this lease agreement could not be a retail agreement contract as defined by ¶ ten (10) because of the absence of these material provisions, and compliance with that statute was not required of the plaintiff.

Although the above rationale is decisive of this case, we also have serious doubt that an individual or corporation which is engaged solely in leasing cars could be a "retail seller" as compared to the individual or corporation which sells and also leases motor vehicles. It would appear that the legislature had the latter in mind in regard to this statute.

It is a cardinal rule of statutory interpretation that "no intent can be read into a statute which is not there either in plain words or by fair implication and words used cannot be stretched beyond their reasonable impact to accomplish a result not expressed". *Bergeron, Petitioner,* 220 Mass., 472, 475 (1915), *Cyr v. Farias,* 54 Mass. App. Dec. 170 (1974).

We now look to see if there was compliance with the terms of the contract as written in regard to repossession and resale.

The evidence points up specifically that the defendant was in default under the agreement by failing to make his monthly installment payments to the plaintiff. The plaintiff duly notified the defendant in writing dated November 30, 1973 of said default, his right of option to purchase same and the intent to repossess and sell said motor vehicle, if the arrears were not paid up and the car purchased. The defendant took no action and the motor vehicle was subsequently repaired, repossessed and sold on June 24, 1974.

We find no irregularity in the repair, repossession or resale of the motor vehicle nor in the allocation of the proceeds of the sale.

The lease contract was rightfully interpreted by the trial justice within its own four corners and we find

nothing therein repugnant to any public policy or statute.

**There being no prejudicial error, an order should be entered dismissing the report.**