Blank, J.
This is an action in tort originally brought by the plaintiffs, Jeanne M. Ritchie, and her husband, Kenneth Ritchie, on August 14, 1980, in the Barnstable County Superior Court. The complaint contains two counts. In the *149 first count, the plaintiff, Jeanne M. Ritchie, alleges that she suffered personal injury due to the negligent operation of a motor vehicle by the defendant, Nancy R. Treat, on July 10, 1978, in Chatham, Massachusetts. In the second count, the plaintiffs husband makes claim for the costs of his wife’s medical care and treatment, and loss of her society and services. At the time of the alleged incident and at all times subsequent thereto, the plaintiffs were and are residents of the State of New Hampshire, whereas the defendant has been a domiciliary of the Commonwealth of Massachusetts at all times material to this action.
On October 5, 1980, the defendant filed an answer denying the pertinent allegations in the plaintiffs’ complaint and asserted the affirmative defenses of comparative negligence, third party negligence and the imposition of G.L.c. 90, §§34A and 34M and G.L.c. 231, §6D. The defendant also claimed ajury trial on all triable issues.
The case was remanded to the Orleans Division of the District Court Department under G.L.c. 231, §102C on March 24, 1981, in accordance with Superior Court Rule 29. The case was assigned for trial on January 22, 1982, but was continued at the request of the plaintiffs and reassigned for trial on April 23, 1982. Both counsel were ready for trial on that date and stipulated that the plaintiffs had complied with the prerequisites of the G.L.c. 231; §79G and had submitted medical bills totalling six hundred fourteen ($614.00) dollars, of which four hundred seventy-five ($475.00) dollars represented medical services rendered by medical providers located in the State of New Hampshire. It was further stipulated that these bills would be offered during the course of trial and that no physician was present to testify.
Prior to commencement of the trial, defensq_counsel requested and was granted leave of court to argue a motion previously submitted, entitled: “Defendant’s Motion to Strike Certain Medical Bills of the Plaintiffs Offered in Accord with M.G.L.c.233, §79G.” The motion sets forth the following reasons therefor:
(a) M.G.L.c. 233, §79G, provides a procedural avenue for a plaintiff to offer certain medical bills in evidence at the time of trial without testimony of the provider of the medical services. Said statute further provides: “Nothing contained in this section shall be construed to limit the right of the defendant to summon, at his own expense, such physician ... for the purpose of cross examination with respect to such bill or record ....”
(b) In accord with the provisions of the aforesaid M.G.L.c. 233, §79G, the plaintiff, by her attorney, has given notice to the defendant of her intent to offer bills from the Matthew Thornton Health Plan, Nashua Hospital Association, and Richard P. Hockman, M.D., in an aggregate amount of Four Hundred Seventy Five ($475.00) Dollars.
(c) All of the aforesaid providers of medical services are currently located or domiciled in the State of New Hampshire and are beyond the subpoena power of the defendant.
(d) If this court accepts in evidence the aforesaid bills for medical services offered by the plaintiff, the defendant will be denied her opportunity to cross examine such providers of medical services in contravention of the intent and provisions of the aforesaid M.G.L.c. 233, §79G.
After hearing, the defendant’s motion was allowed. As a practical matter, allowance of the motion is dispositive of the case because the exclusion of the medical bills in question leaves the plaintiffs in the position of being unable to satisfy the threshold requirement of G.L. c231. §6D, that reasonable and necessary expenses in an amount in excess of five hundred ($500.00) dollars be shown to have been incurred in treating the bodily injury, sickness or disease caused by *150 the defendant’s negligence. Accordingly, the trial judge reported the matter to the Appellate Division for review on an interlocutory basis.
A reviev of the legislative history of c.233, §79G, discloses that it was enacted in 1958 to remedy a situation that had long called for remedial action. Specifically, plaintiffs in actions for personal injuries, or for consequential damages arising therefrom, were faced with the problem of proving special damages. Prior to the enactment of c.233, §79G, it was necessary to produce the doctor or hospital supervisor as a witness to testify to the fact and reasonableness of the charges made. Such testimony was generally received into evidence under the business entries statute or as past recollection recorded. The witness frequently had no independent recollection of the facts and cross-examination as to the rendition and value of the services was seldom more than perfunctory. In the words of Professor Kenneth B. Hughes in his Massachusetts Practice book on Evidence: “In return for this kind of pro forma procedural charade, little was gained while a great deal of time was being wasted, both for the tribunal and by the busy persons dragged into the court to testify to these matters. At the same time, the plaintiff found himself faced with the untenable alternative of a failure of proof, if he failed to call the persons from whom he had received medical care and treatment for his injuries.” (19 M.P.S., §596 at p.p. 819-820.) Under the provisions of the 1958 law, the plaintiff may introduce in evidence an itemized medical, dental or hospital bill, provided of course, that the procedural requirements have been satisfied. The defendant may counter this evidence by either calling the practitioner at his own expense or by calling other witnesses.
In 1974, c.233, §79G was amended by inserting the word “necessary” so that as amended, §79G, allows the establishment by affidavit of the fact that medical expenses are “necessary, fair and reasonable charges” and prescribes that such affidavits “shall be admissible as evidence of the necessary, fair and reasonable charge for such services.” In the case of Victum v. Martin, 367 Mass. 404, 36 N. E. 2d 12 (1975), the Supreme Judicial Court clearly indicated that the legislative intent had been to circumvent the requirement of independent medical testimony in no-fault cases by enacting §79G. While we are unaware of any Massachusetts case under §79G specifically dealing with the admissibility of out-of-state medical records, the language of that section obviously contemplates their admissibility by virtue of the definition of the terms “physician”, “optometrist”, “chiropractor”, and “podiatrist” as excluding “any person who is not licensed to practice as such under the laws of the jurisdiction within which such services were rendered” (underlining supplied). Similarly, the word “hospital” includes any hospital “regulated by the laws of any other state, or by the laws and regulations of the United States of America, including hospitals of the Veterans Administration or similar type institutions, whether incorporated or not” (underlining supplied). The underlying rationale of §79G is no less applicable to out-of-state medical records, and perhaps due to the inherent difficulties in securing the independent testimony of out-of-state practitioners the reasons for the enactment of §79G are even more cogent in such situations. This would seem particularly true since it has been held that the rights of non-residents injured by motor vehicles in Massachusetts are the same and no greater than those of Massachusetts residents and therefore to recover for pain and suffering their medical and hospital expenses must exceed five hundred dollars. Cyr v. Farias, 54 Mass. App. Dec. 170 (1974), affirmed 367 Mass. 720 (1975). In other words, if non-residents must satisfy the threshold requirement of c.231, §6D, to the same extent as a resident of the Commonwealth of Massachusetts, it would seem logical that it should be done in the same manner with *151 respect to a non-resident as a resident under c.233, §79G. Otherwise, the anomalous result occurs, as here, where a non-resident is injured in Massachusetts and receives emergency care and treatment within the Commonwealth and thereafter returns home where follow-up care and treatment is received. The records of the Massachusetts practitioner and hospital are admissible under §79G but the out-of-state records are not and the plaintiff, who must ordinarily commence the action in the Commonwealth in order to recover against the resident tort-feasor, is unable to meet the requirements of c.231, §6D. We do not think that a literal interpretation of c.233, §79G, leads to such a conclusion nor do we conclude that the legislative intent was to make §79G applicable only to practitioners and hospitals located and licensed within the Commonwealth.
With respect to the defendant’s contention that to construe c. 233, §79G, as including out-of-state practitioners and hospitals would violate his right of cross-examination, we would point out that a similar issue was addressed in Commonwealth v. Franks, 359 Mass. 577 (1971), in relation to c.233 §79. There the defendant contended that admission of the hospital record was unconstitutional in that it violated his “right to confront the witness against him.” The court stated that the constitutional right of confrontation does not preclude the introduction of hearsay evidence in all situations, pointing out that there are few criminal cases which involve evidence under c.233, §79. The court noted that the defendant in that case had misplaced reliance upon Meunier’s Case, 319 Mass. 421 (1946), as authority for his argument that the admission of the hospital records against him would be “binding” and thus unconstitutional. The court went on to say that the short answer is that the hospital records are not “binding” but merely evidence which “may be contradicted, qualified, believed or disbelieved.” In Victum v. Martin, supra, the court stated:
The Legislature doubtless has the power to prescribe the rules of evidence and the methods of proof to be employed in trials and in hearing before administrative boards. It may change the rules of common law or those provided by existing statutes, and may make competent that which had been previously incompetent. Meunier’s Case, 319 Mass. 421, 425 (1946).
In fact, even in criminal cases, hearsay evidence may be used against a defendant under some circumstances without violating the constitutional right of cross-examination (co-conspirator hearsay exception), Dutton v. Evans, 400 U.S. 74 (1970). In short, merely because evidence is admitted contrary to a long-established hearsay rule does not lead to the automatic conclusion that confrontation rights have been denied. For example, under the Federal Rules of Evidence, Rule 804(a) prescribes five situations where hearsay evidence is admissible even though the witness may be unavailable. One of these is where the proponent of the statement has been unable to secure the declarant’s attendance. Thus the drafters of the Federal Rules of Evidence concluded that it is preferable to admit certain statements of unavailable witnesses rather than doing without the evidence entirely, [see 56 North Dakota Law Review 387 (1980)]. Therefore, it is clear that the state legislatures and Congress may enact statutes providing for the admissibility of hearsay evidence in both civil and criminal proceedings without violating the defendant’s constitutional rights of confrontation and cross-examination.
. Parenthetically, it might be noted that if the defendant’s argument that admissibility of the out-of-state medical and hospital records denies him his right of cross-examination were followed to its logical conclusion, the medical records of any resident physician who is dead, disabled or otherwise unavailable to the *152 defendant should be also be excluded because the person cannot be cross-examined. Such a result was already clearly never contemplated or intended by the terms of §79G.
Consequently, we conclude that the exclusion of the medical bills from the out-of-state providers was error as a matter of law. If the trial judge determines that the procedural prerequisites of c.231, §79G, have been satisfied, the medical and hospital bills of out-of-state providers are admissible into evidence. Accordingly, this case is returned to the trial court for further proceedings consistent with this opinion.